## ADAMS AND CARROLL *vs.* KEELER *et al.*

Executions issued from a Justices' Court against Ward Keeler and John M. Jordan, jointly, on which appeared the following entry, "Received payment in full on the within *fi. fa.*, by John M. Jordan, security. January 8, 1839. E. L. Harris, J. P."

*Held,* that such entry did not give the control of the executions to Jordan as surety against Keeler, the co-defendant, but the same operates 'as a satisfaction as against each of the defendants, and that a subseqaent levy and sale of the property of Keeler, under said executions, was illegal and void.

Ejectment, in Gilmer Superior Court. Tried before Judge RICE, at December adjourned Term, 1859.

This was an action of ejectment by Doe, *ex dem,* Thomas H. Turner and Ward Keeler, against Roe, casual ejector, and ......... Adams and Daniel Carroll, tenants in possession, for the recovery of lot of land No. 33, in the 7th district and 2d section of Gilmer county.

Plaintiff read in evidence a grant of the lot from the State to Thomas H. Turner, dated 20th December, 1837, and a deed from Turner, conveying the lot to Keeler. The possession by defendants was admitted.

Defendants claimed under a sale and conveyance by the Sheriff of Gilmer county, under three Justice executions from Crawford county, against Keeler and John M. Jordan, in favor of one Matthew H. Myrik. The executions were all dated first of January, 1839, and upon each was the following endorsement:

"GEORGIA, CRAWFORD COUNTY—

Received payment in full on the within *fi. fa.*, by John M. Jordan, security. January 8, 1839.

(Signed) E. L. HARRIS, J. P."

The lot of land was levied upon by virtue of said Justice *fi. fas.* December 15, 1849, and sold by the sheriff to one B. A. Freeman, to whom titles were executed by said sheriff.

Defendants offered said *fi. fas.* and deed in evidence. To the introduction of which plaintiff objected, on the ground that it appeared by the endorsements on said *fi. fas.,* that

Adams and Carroll *vs.* Keeler *et al.*

. they had been fully paid off and satisfied, and that there was no authority for said sale and conveyance by the sheriff.

The Court sustained the objection, and excluded the evidence and defendants excepted. The jury found for the plaintiff, whereupon defendant tenders his bill of exceptions assigning said decision as error.

D. A. WALKER, by IRWIN and LESTER, for plaintiffs in error.

WM. MARTIN, by EZZARD, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

The executions having been issued against the defendants, Ward Keeler and John M. Jordan, jointly, a payment by one was a satisfaction. If Jordan was, in fact, but a surety for Keeler on these debts, which were the foundation of the executions, he ought, after this payment to have made such fact "satisfactorily appear to the Court from whence the executions issued," when that Court would judicially have given to him the control. *Cobb's Dig.*, 595. Not having done so, he had no right to control the executions against his co-defendant. Hence the subsequent levy and sale of the lot in controversy under these executions, as the property o Keeler, was illegal and void, and conveyed no title to the purchaser at such sale.

It is insisted by counsel for plaintiff in error, that the entry made by the Justice of the Peace, the same who issued the executions "of payment from Jordan, security," is a substantial compliance with the Act before referred to, sufficiently so, at least, to give Jordan control of the executions against Keeler. We do not think so. These entries were made by the Justice of the Peace as receipts for the money paid to him for the plaintiff in execution, and as a collecting officer—not as a Court. It does not appear to have been done in Term time, or upon proof that Jordan was but surety ; all of which is fatal to the position of counsel. .

Judgment affirmed.