THE NEW ENGLAND MORTGAGE SECURITY COMPANY *vs.* ROBSON, trustee, *et al.*

1. A bill alleged, in brief, as follows: Complainant loaned to a landowner $1,250 and took, as security therefor, a mortgage on certain land. Afterwards, two executions in favor of other parties were levied on this land, and it was brought to sale thereunder. At the time of the sale, a third person announced that the land was sold subject to the right of the defendant in execution to take a homestead therein of the value of $2,000 in realty. This person

became the purchaser, and fraudulently procured the sheriff to make him a deed to the land in fee, stating nothing therein as to the right of the defendant in execution to take a homestead.    The purchase was fraudulent also because, after the complainant had notified the sheriff and the person who became the purchaser that the older of the executions under which the land was sold had been paid off and discharged by complainant, and had requested the sheriff so to enter it and return it to the clerk's office, the sheriff nevertheless proceeded to sell, and the other person to buy, the property.    After this the purchaser filed a bill in the circuit court of the United States for the purpose of enjoining the present complainant from enforcing against the property the judgment of the foreclosure of the mortgage which had been obtained in that court.    The injunction was granted, and therefore the complainant could not proceed at law.

*Held*, that if the sale was under an execution founded upon a judgment which had been paid off and discharged, it was fraudulent and void.

2. If the property was sold subject to the homestead right of the defendant in execution, and the purchaser so proclaimed at the time of the sale, but afterwards procured the sheriff to make him a deed in fee, this was a fraud, and the mortgage creditor of the defendant in execution would have a right to have the deed set aside for fraud, or else reformed so as to make it speak the truth ; and a bill for that purpose was not demurrable for want of equity.

3. There was no adequate remedy at law, or if so, the remedy in equity was more adequate and complete.

4. From the allegations in the bill, in the absence of the bill filed or the decree rendered in the United States court, it is impossible to determine on demurrer whether the matter was adjudicated in that court or not.    This could be set up by plea, or possibly by way of answer.

November 12, 1887.

Judgments.    Executions.    Homestead.    Levy and Sale. Equity.    Fraud.    *Res Adjudicata.*    Before Judge LUMP-KIN.    Washington Superior Court.    March Term, 1887.

Reported in the decision.

J. W. ROBISON, for plaintiff in error.

J. A. ROBSON, for defendant.

BLANDFORD, Justice.

The New England Mortgage Security Company exhibited its bill in equity against J. A. Robson, trustee, and C. A. Wall, sheriff, in the superior court of Washington county. The bill alleged, substantially, that the security company had loaned to Richard 'P. Bynum $1,250, and had taken, as security therefor, a mortgage on a certain tract of land in Washington county; that afterwards, two executions were levied upon the land in favor of other parties, and the land brought to sale thereunder; that at the time of that sale, Robson, the purchaser at the sale, proclaimed that the land was sold subject to the right of the defendant in execution to take a homestead therein of the value of $2,000 in realty; that Robson then fraudulently procured the sheriff to make him a deed in fee to the land, without saying anything in the deed of the right of the defendant in the execution to take a homestead in it. The bill further alleges that this purchase on the part of Robson was fraudulent, because, after the complainant had notified the sheriff and Robson that the older of the executions under which the land was sold had been paid off and discharged by the complainant, and had requested the sheriff to so enter it and return it to the clerk's office, the sheriff nevertheless proceeded to sell, and Robson to purchase, the property. The bill further alleges, that after Robson had purchased the property and obtained this deed from the sheriff, he filed a bill in the circuit court of the United States for the southern district of Georgia, for the purpose of enjoining the security company from enforcing against said property the judgment of foreclosure obtained in that court in favor of the company against Bynum; that the court granted the injunction, and that therefore the complainant could not proceed at law.

These are substantially the facts alleged in this bill. The bill was demurred to upon the ground that there was no equity in the bill, that there was an adequate remedy at law,

and because the matters therein stated had been adjudicated in the United States circuit court. The court sustained the demurrer and dismissed the bill; and the complainant excepted to that decision and brings the case here for our consideration.

1. We think that there was equity in the bill, the allegations in the bill being confessed by the demurrer, to this extent: that the sale was fraudulent and void if it was brought on by an execution founded upon a judgment which had been discharged and paid off.

2. We think, furthermore, that if this property was sold subject to the homestead right of Bynum, the defendant in execution, and if Robson, the purchaser, so proclaimed at the sale, and afterwards procured the sheriff to make him a deed in fee, that was a fraud, and would give this company, which is alleged by the bill to be a creditor of Bynum, a right to have that deed either set aside or vacated for fraud, or else reformed so as to make it speak the truth. So we think the court erred in sustaining the demurrer upon the ground that there was no equity in the bill.

3. As to the next ground of demurrer,—that there was an adequate remedy at law, it is very manifest, from the facts stated, that there was no adequate remedy at law to reform the deed or set it aside for fraud. At least, if there is such remedy at law, it is more adequate and complete in a court of equity; and we think that ground of demurrer should have been overruled.

4. The last ground of demurrer was, that the matter had been adjudicated in the Circuit Court of the United States, as appeared from the bill. It will be seen by this bill that the allegations are somewhat loose; and there is nothing stated therein which would authorize us to pass upon the question of whether matter stated in the bill was adjudicated between these parties in the United States court. The bill exhibited in the United States court is not here; neither is the decree, or anything of the sort. It

is utterly impossible for us to determine whether the matter was adjudicated in that court or not.

We think, therefore, that the court below committed error is sustaining the demurrer.   He should have retained the bill and required the defendants to plead or answer. The defendants could have pleaded to the bill the judgment rendered by the United States court, with such allegations as would have shown whether or not the case had been adjudicated by that court between these parties; or they might have done this by way of answer.   The plea, we think, would be the best way; and demurrer to that plea would determine this queststion, in our judgment, of whether the matter had been already passed upon by the Circuit Court of the United States and determined in favor of Robson.

So we reverse the judgment of the court below sustaining the demurrer and dismissing the bill.

Judgment reversed.