MAYOR AND COUNCIL OF MILLEN *v.* CLARK.

No. 13867. November 12, 1941.

*L. P. Strickland,* for plaintiff in error.

*Charles G. Reynolds* and *D. A. Bragg,* contra.

Reid, Chief Justice. We will not alaborate the first two headnotes.

It appears that the city rented a building for use as a city hall, in which the plaintiff owned an undivided interest, and that during the tenancy the plaintiff became the sole owner. There was evidence sufficient for the jury to have found that the plaintiff directed that the rents accruing on the property be applied in payment of taxes and paving assessments against the property in question, and that the city actually drew a voucher for the accumulated rents due to the plaintiff, but, instead of crediting the amount in satisfaction of the executions under which the property was sold (it being amply sufficient for that purpose), as directed, applied it to assessments made against other parcels of the plaintiff's property which were of older date. Under the Code, § 20-1006, "When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated." Under this provision, when the city sought to settle the amount it was due to the plaintiff for rent, and actually drew a voucher for that purpose, it should have applied the same in satisfaction of the executions against the property in question, in accordance with her directions, and had no authority to apply it to other claims, though of longer standing. It is only when the debtor fails to direct application of payments that the creditor can do so. Code, § 20-1006, supra. This being true, the executions under which the property was sold should be considered as having been paid, and the city had no authority to bring the property to sale thereunder. A sale of property under an execution which has been satisfied is held to be void, and is assailable in equity. *Bell* v. *Chandler,* 23 *Ga.* 356 (2), 359; *New England Mortgage Security Co.* v. *Robson,* 79 *Ga.* 757 (4 S. E. 251); *Adams* v. *Keeler,* 30 *Ga.* 86; *Rish* v. *Ivey,* 76 *Ga.* 738; *Nalley* v. *McManus,* 135 *Ga.* 713 (2) (70 S. E. 255); 23 C. J. 749; 21 Am. Jur. 250. The charge of the court was adjusted to this view of the case, and there was no error in overruling the motion for new trial. *Judgment affirmed. All the Justices concur.*