43979. ROSWELL BANK v. BEARSE.

PANNELL, Judge. Roswell Bank brought suit against Mrs. Joyce Bearse seeking recovery on a note, including interest to its due date and a charge for life insurance, totaling $208.33 plus additional interest and attorney's fees. Mrs. Bearse filed a plea of payment and upon the trial it was disclosed that she sent a check drawn on another bank to Roswell Bank payable to Roswell Bank in the amount of $208.33 about two weeks after she was notified that the note was due and also after she was notified several times that her account at Roswell Bank was overdrawn in the amount of $181.13. Roswell Bank collected the check and credited the amount thereof to the payment in full of the overdraft and credited $27.20 on the note. There was no evidence as to any conversation between any official of the bank and the defendant as to any specific instructions regarding the application of the funds derived from the check. On the face of the check was written "for Joyce Bearse" at the time it was received at the bank. The trial judge found in favor of the plea of payment. From this judgment the Roswell Bank appeals. *Held:*

"When a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated. If he fails to do so, the creditor has the right to appropriate at his election." *Code* § 20-1006. It is not necessary that express directions shall be given, but if the facts and circuumstances indicate the intention of the parties at the time the payment is presented, the law will direct credit of the payment accordingly where the intent is clear. See *Pritchard v. Comer & Co.,* 71 Ga. 18. In our opinion, it can fairly be inferred from the amount of the check that it was in payment of the note rather than the overdraft and that this circumstance is at least sufficient to make it a jury question as to how the payment was to be applied. *Phillips v. McGuire,* 73 Ga. 517. The trial judge, trying the case without a jury, was authorized

to find that the proceeds of the check should have been applied in payment of the note sued upon.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

ARGUED OCTOBER 9, 1968—DECIDED NOVEMBER 5, 1968.

*Edward J. Magner, Kathleen C. Spicer,* for appellant.
*Burke & Powell, Richard L. Powell,* for appellee.