Rebecca **WOODRUFF**, Plaintiff,

v.

The **KROGER COMPANY**, Defendant.

Civ. A. No. 78-200-MAC.

United States District Court,
M. D. Georgia,
Macon Division.

Aug. 28, 1979.

S. Gus Jones, Wayne Gilleland, Macon, Ga., for plaintiff.

Hubert C. Lovein, Jr., J. Lin Wood, Jr., Jones, Cork, Miller & Benton, Macon, Ga., for defendant.

OWENS, District Judge:

This case is before the court on defendant's motion for summary judgment and plaintiff's cross motion for partial summary judgment pursuant to Fed. R. Civ. P. 56.

The plaintiff is legally blind and requires the assistance of a leader or guide dog. A local charitable organization provided plaintiff with a specially trained Golden Retriever named Brandi to serve as her guide dog. On Friday evening, September 23, 1977, plaintiff, accompanied by Brandi and a sighted friend, entered defendant's grocery store on Pio Nono Avenue in Macon, Georgia. A cashier stopped her because of health regulations prohibiting animals in grocery stores. Upon learning that plaintiff was blind and that Brandi was a guide dog, the cashier checked with her supervisor and was instructed to allow plaintiff to shop with her dog. Plaintiff entered the store but left without buying anything. The store manager, Mr. Gene Crowder, was not present on this occasion. Later in the evening, the supervisor who permitted plaintiff to shop received two telephone calls, one from a woman who said she was shopping when plaintiff was stopped and who protested Kroger's conduct and one from a person identifying herself as plaintiff. Mr. Crowder, the manager, was informed of these two calls and received a third call the next morning also protesting the incident. Plaintiff and the various callers informed defendant that refusing to permit a guide dog into the store was illegal. Therefore, Mr. Crowder called the local Georgia Department of Agriculture representative, a Mr. Billy Moore, to inquire into the problem and learn about applicable regulations. Mr. Moore read the applicable health regulation to him over the phone as follows:

> Animals or pets shall not be allowed in any place where food is commercially processed, stored, or offered for sale. Rules of Georgia Department of Agriculture, § 40–7–1–.21.

Mr. Moore told Mr. Crowder that he saw no exception for guide dogs and would not undertake to make one himself. Neither Mr. Crowder nor Mr. Moore had actual knowledge of Georgia Code Ann. § 79–601 or Administrative Interpretation No. 6 which deal specifically with the rights of the blind. During the next couple of days Mr. Moore delivered a copy of § 40–7–1–.21 to Mr. Crowder.

On October 3, 1977, plaintiff again entered defendant's Pio Nono Avenue store with Brandi and a sighted friend. Mr. Crowder was present and, based on the regulation obtained from Mr. Moore, insisted that Brandi remain outside while plaintiff shop with the assistance of her sighted friend. The deposition testimony of Mr. Crowder, plaintiff, and plaintiff's sighted companion, Ms. Peggy Baker, shows that Mr. Crowder was not rude and attempted to avoid a scene but finally had to threaten to call the police before plaintiff and Ms. Baker would agree to leave.

Plaintiff filed this action asking for damages for her mental pain and suffering caused by defendant's refusing to admit her guide dog into the store on October 3, 1977. She alleges that defendant violated Georgia Code Ann. § 79–601 when it refused to admit Brandi. Defendant's motion for summary judgment asserts (1) that § 79–601 does not require that guide dogs be permitted in grocery stores, (2) that no civil action for damages is created by § 79–601, and (3) that no recovery can be had because Georgia law does not permit recovery for a purely mental injury absent conduct which is malicious, wilful and wanton. Plaintiff seeks, by its motion for summary judgment, to have this court construe § 79–601 as requiring defendant to admit guide dogs into its grocery stores.

It is unnecessary for this court to reach the construction of the statute or the question of whether a civil action exists under Georgia law since the last of defendant's

contentions is meritorious and dispositive of the entire claim. Both parties agree that under Georgia law "where the only injury is to peace, feelings, or happiness . . . recovery is allowed only where the defendant's conduct is malicious, wilful, or wanton." *Westview Cemetery, Inc. v. Blanchard*, 234 Ga. 540, 216 S.E.2d 776 (1975); *Massey v. Perkerson*, 129 Ga.App. 895, 201 S.E.2d 830 (1973). On this record, no genuine dispute of fact exists as to the state of mind of defendant's agent when he refused to admit Brandi. He was acting under the belief that he was enforcing a state health regulation as it was explained to him by an official of the Department of Agriculture whose responsibilities included enforcing that regulation. Such conduct cannot rise to the level of culpability required to show malicious, wilful or wanton conduct. *See Gunter v. Logue*, 138 Ga.App. 868, 227 S.E.2d 773 (1976). If he was wrong about the law, his culpability could not rise to a level exceeding mere negligence which cannot support recovery for a purely mental injury unaccompanied by physical or property damage.

Plaintiff contends that it is "inherently improbable" that defendant did not know of the obligation to admit guide dogs and that their conduct was motivated simply to enhance profits. This argument apparently is based on the idea that since all states have some sort of statute equivalent to § 79–601, someone at Kroger knew of Georgia's statute and deliberately ignored it so that store managers would, through ignorance, deny blind persons the right to bring their guide dogs into Kroger grocery stores. The record in this case shows this argument to be overly speculative and conjectural. Mr. Crowder, who dealt with this incident, had no actual knowledge of the guide dog law. Plaintiff has produced nothing to support the theory that some unknown executive at Kroger intentionally hid the law from Kroger store managers except wishful thinking. If some executive did know of the law, negligence is a more plausible explanation of defendant's failure to inform Mr. Crowder. Mr. Slayden, the store manager over Mr. Crowder, when apprised of the

complaints after the incident here sued on, did not know of the statute and, indeed, was initially informed by the Atlanta office of the Department of Agriculture that Mr. Crowder and Mr. Moore were correct. Upon subsequently learning of the Department's inconsistent Administrative Interpretation of § 40–7–1–.21, Kroger's management immediately ordered store managers to admit guide dogs.

It is interesting to note how little fame § 79–601 has acquired in the twenty-nine years since its first version was enacted. No Georgia court, or court of any kind has ever cited it in a published opinion. The depositions suggest that few of the Department of Agriculture officials were aware of the statute and also that the local police were ignorant of its existence as well. Apparently, § 79–601 has been virtually ignored over the years.

Accordingly, the defendant is entitled to summary judgment. The Clerk shall enter judgment for defendant with costs taxed against the plaintiff.