## 37737. SHEPPARD v. YARA ENGINEERING CORPORATION et al.

HILL, Presiding Justice.
The issue in this case is whether two employees of the defendant Cyprus Mining Company were properly dismissed as parties. The answer depends on whether the plaintiff's claim raises questions solely in contract or may include a cause of action in tort.

Defendants Yara Engineering Corporation and Cyprus Mines

Corporation are, respectively, the lessee and sublessee of a mineral lease for the mining of "all the kaolin, bauxite and any and all kinds of ores, metals and minerals in and upon the described lands and premises, . . . ." of the property owner, plaintiff Charles E. Sheppard. Mining operations began in the summer of 1980 and Sheppard filed this suit seeking an injunction and damages in December, 1980.

Plaintiff's complaint is primarily, if not excusively, based on alleged breaches of contract. One allegation of paragraph 10 of the complaint, however, which follows reference to the contract, is that the "Defendants are presently removing topsoil and overburden away from plaintiff's land."

Motions to dismiss were filed on behalf of the two individual defendants, Robert D. Lowe, Chief Mining Engineer, and Wayne Chalker, Mining Superintendent, both employees of Cyprus Mines (hereinafter the employees). On the basis of the pleadings and affidavits, these employees were dismissed from the case by the trial court on the ground that the complaint alleges only contract violations and the employees are not in privity of contract with Sheppard. Code Ann. § 3-108.[1] Sheppard appeals claiming that the complaint is also sufficient to allege tort violations, independent of the contract, for which the employees may be liable.

The resolution of this appeal thus turns on whether Sheppard has a claim in tort which does not arise from the contract, but is independent of it.

This issue was analyzed in *Orkin Exterminating Co., v. Stevens,* 130 Ga. App. 363, 365 (203 SE2d 587) (1973), by then Judge, later Justice, Hall. "It is axiomatic that a single act or course of conduct may constitute not only a breach of contract but an independent tort as well, if in addition to violating a contract obligation it also violates a duty owed to plaintiff independent of contract to avoid harming him. [Cits.] Such an independent harm may be found because of the relationship between the parties, or because of defendant's calling or *because of the nature of the harm.* [Cits.] [Emphasis supplied.] However, not all breaches of contract are also independant torts: ' . . . where defendant's negligence ends merely in nonperformance of the contract and where defendant is not under any recognized duty to act apart from contract, the courts generally still see no duty to act affirmatively except the duty based on—and limited by— defendant's consent.' 2 Harper and James, Torts, p. 1050, § 18.6.

---

[1] "As a general rule, the action on a contract . . . shall be brought in the name of the party in whom the legal interest in such contract is vested, and *against the party who made it in person or by agent."* (Emphasis supplied.)

In those circumstances, an action in tort may not be maintained for what is a mere breach through non-action or through ineffective performance (which is the same thing) of a contract duty—the duty must arise independent of contract to constitute a tort." Thus, to constitute a tort the duty must arise independent of the contract.

Clearly, the excavation and removal of dirt from another person's land is a tort, unless authorized by a contract. Since the mineral lease, which is attached to Sheppard's complaint, does not authorize the removal of the topsoil and overburden from the owner's premises and makes no provisions otherwise, the removal of it from the premises states a claim for the tort of conversion, if not trespass. The duty not to remove topsoil and overburden from Sheppard's land arises not from any contractual provisions, but from his common law property rights in the soil in which he has not given the defendants any claim by contract.[2]

The cases relied on by the employees, *Long v. Jim Letts Oldsmobile, Inc.,* 135 Ga. App. 293 (2) (217 SE2d 602) (1975), and *Atlanta Gas Light Co. v. Newman,* 88 Ga. App. 252 (1) (76 SE2d 536) (1953), are distinguishable on the ground that in each of these cases the duty breached arose solely from the contractual relationship between the parties rather than independent of it. Compare *Milledgeville Water Co. v. Fowler,* 129 Ga. 111 (58 SE 643) (1907) (duty to supply water arose solely from contract) with *Orkin Exterminating Co. v. Wingate,* 84 Ga. App. 750 (1) (67 SE2d 250) (1951) (duty by a contractor's employee not to spray flammable liquid near a hot chimney, causing plaintiff's house to burn, gives rise to a tort claim).

However, the employees contend that even if they could be sued in tort, the petition is ineffective to raise such an issue. Thr complaint primarily alleges breaches of contract arising out of the defendant's conduct of the mining operation. Sheppard, however, points to paragraph 10 of his petition, which alleges unauthorized removal of the topsoil and overburden away from his land, and to the contract attached to his complaint, where there are no provisions authorizing removal of topsoil and overburden. He thus urges that the pleadings are sufficient to allege the torts of trespass and conversion, for which the employees may be liable.

"The CPA abolished 'issue pleading,' substituted in lieu thereof 'notice pleading,' and directs that 'all pleadings shall be construed as to do substantial justice.' Code Ann. § 81A-108. [Cits.] 'Under the

---

[2] We do not consider here whether the landowner also has tort claims against the corporate defendants independent of the contract.

CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' [Cit.]" *Dillingham v. Doctors Clinic, P.A.*, 236 Ga. 302 (223 SE2d 625) (1976). By the same token, under the CPA, a party should not be dismissed for failure to state a claim against such party unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief against that party. The employees argue, however, that plaintiff has "elected" to base his complaint on breach of contract. "A plaintiff may pursue any number of consistent or inconsistent remedies against the same person or different persons until he shall obtain a satisfaction from some of them." Code § 3-114. We find the allegation of the unauthorized, and uncontracted for, removal of the overburden sufficient to satisfy the notice pleading requirements of the CPA.

Having found that Sheppard adequately stated a claim in tort for which the employees may be liable, we turn to the motion for partial summary judgment to dismiss these employees. The employees can succeed on their motion only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that *the moving party is entitled to a judgment as a matter of law . . . .*" Code Ann. § 81A-156 (c) (Emphasis supplied). The employees' affidavit, insofar as relevant here, merely makes the conclusory statements that "Neither of us has any relationship with Charles E. Sheppard except through our employment by Cyprus Mines Corporation. Neither of us has any independent obligation or responsibility to Charles E. Sheppard." As found above, the employees do have an obligation and responsibility (duty) independent of contract not to remove Sheppard's property (dirt) from his land. The affiants' conclusions thus are contrary to law. Therefore, we find that the employees have not carried their burden of showing that they are entitled to judgment as a matter of law.[3] It follows that the grant of partial summary judgment dismissing the employees must be reversed.

*Judgment reversed. Jordan, C. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 9, 1981.

---

[3] Furthermore, evidence was presented at the hearing on the restraining order that some of the overburden had been removed from Sheppard's property.

*Dickens, Mangum, Burns & Moore, Charles E. Moore,* for appellant.

*James G. Maddox, John B. Harris, Jr., Thomas F. Richardson,* for appellees.