## 67116. ALFORD et al. v. OLIVER et al.

DEEN, Presiding Judge.

J. E. and Myrtle Oliver brought suit against Lamar and Maxine Alford, individually and d/b/a Thomas' Restaurant, for fraudulent conversion of money paid by Mrs. Oliver to Lamar Alford, her employer, for group health insurance which he was supposed to forward to Blue Cross. At trial, Alford admitted converting these funds to his own use and stated that he felt he was responsible for medical bills incurred by Mr. Oliver that were not covered by group health insurance. The trial court directed a verdict against Alford as to liability, but left the issues of general damages, punitive damages and attorney fees for jury consideration. The court also directed a verdict in favor of Maxine Alford against whom no liability was proved. The jury awarded the Olivers $2,112.02 compensatory damages, $50,000 punitive damages and $2,000 in attorney fees. Alford appeals.

1. Appellees agree with appellant's contention that the award of attorney fees was improper because they were improperly proven and have agreed to have that portion of the judgment stricken.

2. Appellant contends that the trial court erred in instructing

the jury that the defendant had admitted liability because this statement, without further qualification, led the jury to believe that it could award punitive damages on the defendant's admission of breach of contract, and that the court further erred in failing to instruct the jury that it was to determine whether Alford's conduct constituted actual moral fraud, which would warrant the imposition of punitive damages, or constructive fraud, which would not.

An examination of the Olivers' complaint and amended complaint reveals a single count for fraudulent conversion and does not allege that Alford breached his contract to purchase health insurance on behalf of the plaintiffs. Alford's contention is further weakened by his reliance upon *Dawes Mining Co. v. Callahan,* 154 Ga. App. 229 (267 SE2d 830) (1980), aff'd 246 Ga. 531 (272 SE2d 267) (1980), wherein this court held that an employer breached his implied contract with an employee when he failed to procure replacement group health insurance which did not cover a pre-existing condition and did not inform the employee of this change. The Supreme Court affirmed the result in the Court of Appeals case, but found no contractual relationship between the parties existed. Instead, the court held that where an employee contributes towards the premium the employer acts as his agent in procuring replacement health insurance. See also *Woodman Co. v. Adair,* 164 Ga. App. 603, 604 (294 SE2d 579) (1982).

In the instant case, breach of contract is also not the issue for decision. In light of the case law, the pleadings, and Alford's own admission that he accepted payments from Mrs. Oliver and appropriated them to his own use both before and after the policy was cancelled, the only issue is fraud.

Appellant admits he made no request for a charge on the differences between actual moral fraud and constructive fraud, but argues that such a charge was demanded by the evidence. Under OCGA § 23-2-51 (b), (Code Ann. § 37-702), "Actual fraud consists of any kind of artifice by which another is deceived. Constructive fraud consists of any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another. (c) Actual fraud implies moral guilt; constructive fraud may be consistent with innocence."

The gist of an action for actual fraud is whether the false representation was made with the purpose and intent to deceive. Constructive fraud " 'does not involve moral guilt, since it is the act itself, as taken in connection with the relationship of the parties, and not the guilty purpose or intent' " which forms the basis for the cause of action. *Gaultney v. Windham,* 99 Ga. App. 800, 804 (109 SE2d

914) (1959); *Penn Mutual Life Ins. Co. v. Taggart,* 38 Ga. App. 509, 511 (1b) (144 SE 400) (1928).

In the instant case, the defendant's admission of a theft offense constitutes actual moral fraud, and the trial court did not err in failing to charge the differences between the two types of fraud.

3. It was not necessary for the plaintiffs to prove that their medical bills would have been covered by the insurance policy which Alford allowed to lapse because the defendant admitted liability for these bills. Moreover, this issue was not raised in the court below and cannot be raised for the first time on appeal. *Long County Bd. of Ed. v. Owen,* 150 Ga. App. 245, 247 (257 SE2d 212) (1979).

4. Alford contends that the trial court erred in admitting an order of the bankruptcy court into evidence which held that it was denying his discharge in bankruptcy as to this lawsuit because his conduct was fraudulent and constituted embezzlement against the plaintiffs without admitting the entire proceedings of the bankruptcy court. "When a decree is offered in evidence to establish any particular state of facts, or as an adjudication upon the subject-matter, such decree is admissible only when accompanied by the entire record of the suit in which the decree was rendered." *Holcombe v. Jones,* 197 Ga. 825, 826 (2) (30 SE2d 903) (1944). See also *Cambron v. Canal Ins. Co.,* 246 Ga. 147 (269 SE2d 426) (1980). As appellees admit that this order was admitted to collaterally estop the defendant from denying his fraudulent conduct and contend it was an adjudication on that issue, it was error for the trial court to admit it without the entire record of the suit. We find, however, in view of Alford's admission of wrongdoing and of liability for his actions, that it was harmless. A case will not be reversed because of an erroneous ruling of the court below when under the facts as they are developed at trial such error becomes harmless. In other words, the defendant was required to show that the error has harmed him. *Holcombe v. Jones,* supra at 826 (3). Moreover, the transcript shows that the defendant was questioned extensively about the bankruptcy proceedings without objection.

5. It was not error for the trial court to allow Mr. Oliver to testify as to his mental state and condition when he was faced with the prospect of having to undergo expensive surgery which would not be covered by insurance. Plaintiffs discovered that the insurance coverage they thought to be in effect had been cancelled because Mrs. Oliver's employer failed to pay the premiums and they were unable to make a timely conversion in order to have their benefits continued. As a result, Mr. Oliver was faced with the prospect of undergoing a $20,000 operation without having insurance coverage. This financial worry was directly caused by Alford's actions and was relevant as

evidence of aggravating circumstances in support of the prayer for punitive damages. *Morgan v. Hawkins,* 155 Ga. App. 836, 839 (273 SE2d 221) (1980); *Deavers v. Standridge,* 144 Ga. App. 673 (242 SE2d 331) (1978).

6. It was not error to admit into evidence medical bills which were not sued upon, promissory notes which were executed by appellees upon Mr. Oliver's discharge from the hospital, and evidence of the anticipated cost of Mr. Oliver's coronary by-pass surgery.

Mrs. Oliver used the total amount of the medical bills in order to calculate the amount not covered by insurance, in order to determine the harm they suffered as a result of the defendant's conduct in failing to pay the insurance premiums. Moreover, all of the Olivers' actual damages were outlined without objection. The fact that appellees were forced to execute promissory notes to cover the cost of Mr. Oliver's hospital stay because they did not have proof of insurance, and evidence of the anticipated cost of surgery were relevant as evidence of aggravating circumstances.

7. Appellant contends the trial court erred in charging the provisions of OCGA § 51-12-6 (Code Ann. § 105-2003) because the plaintiffs alleged and proved actual damages and OCGA § 51-12-6 (Code Ann. § 105-2003) is applicable only where "the entire injury is to the peace, happiness, or feelings of the plaintiff."

An examination of the charge as a whole shows that the charge based on OCGA § 51-12-6 (Code Ann. § 105-2003) was given after the charge on actual damages as found in OCGA § 51-12-4 (Code Ann. § 105-2001) and the provision for exemplary damages contained in OCGA § 51-12-5 (Code Ann. § 105-2002) which provides: "In a tort action in which there are aggravating circumstances, in either the act or the intention, the jury may give additional damages to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." The court then proceeded to charge OCGA § 51-12-6 (Code Ann. § 105-2003) which permits damages where the entire injury is to the plaintiff's peace, happiness or feelings to be awarded according to "the enlightened conscience of the jurors. In such a case the worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed, and the verdict of the jury will not be disturbed unless the court suspects bias or prejudice from its excess or inadequacy."

In *Baldwin v. Davis,* 188 Ga. 587 (4 SE2d 458) (1939), the court held it was error to charge both code sections authorizing the award of exemplary damages under the two code sections which are presently codified as OCGA §§ 51-12-5 and 51-12-6 (Code Ann. §§ 105-2002 and

105-2003) where an objection was raised that such a charge would instruct and permit the jury to award double damages for the same injury, that the evidence did not support the charge under OCGA § 51-12-6 (Code Ann. § 105-2003) and that there was no evidence of the worldly circumstances of the parties. In the instant case, appellant raised only the issue of lack of evidence to support such a charge where appellee proved actual damages. The worldly circumstances of the parties were placed into the evidence by the appellant on direct examination when he testified to his present income, living arrangements for his wife and five children and his attempts to pay his debts.

In *Westview Cemetery v. Blanchard,* 234 Ga. 540 (216 SE2d 776) (1975), the court thoroughly examined the provisions of Code Ann. §§ 105-2001, 105-2002, 105-2003 (now OCGA §§ 51-12-4, 51-12-5, 51-12-6) and held that the recovery of damages under Code Ann. § 105-2003 (OCGA § 51-12-6) bars additional recovery under Code Ann. § 105-2002 (OCGA § 51-12-5).

In the instant case, the plaintiffs did not seek recovery under OCGA § 51-12-6 (Code Ann. § 105-2003) as in *Westview Cemetery,* supra, but rather alleged and proved actual damages under OCGA § 51-12-4 (Code Ann. § 105-2001) when Alford admitted causing Oliver's actual damages of $2,112.02 for medical bills not covered by insurance and the value for the converted insurance premiums. Therefore, as the *entire injury* was not to their peace, happiness or feelings, any recovery of punitive damages could be obtained only under OCGA § 51-12-5 (Code Ann. § 105-2002). Applying the holdings in *Baldwin v. Davis* and *Westview Cemetery v. Blanchard,* supra, the trial court erred in charging both code sections as such a charge would authorize a double recovery of punitive damages.

8. It is unnecessary to consider appellant's remaining enumerations of error as they have either been rendered moot because this case must be retried on the issue of exemplary damages as contained in OCGA § 51-12-5 (Code Ann. § 105-2002) or they are unlikely to recur upon retrial of the case.

*Judgment reversed in part and affirmed in part. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 16, 1984.

*Stephen E. Garner, Jack F. Witcher,* for appellants.
*Thomas E. Greer,* for appellees.