## A91A0774. WALDRIP v. VOYLES.
### (411 SE2d 765)

SOGNIER, Chief Judge.

Clemmer Hugh Voyles filed suit against Lamar Waldrip d/b/a Best Homes alleging various claims arising from real estate and retail installment contracts executed by the parties. Voyles received partial summary judgment as to liability on one of his claims, and the case was then tried before a jury, which awarded damages of $75,000. The trial court entered judgment on the verdict, and Waldrip filed this appeal.

On April 5, 1974, appellee, as buyer, and appellant, as seller, entered into a contract for the sale of real property (the "land contract") and a concomitant retail installment contract for purchase of a mobile home located on the property. Both contracts provided for monthly payments by appellee to appellant, and the parties also agreed that appellee would make monthly payments of $6 to appellant for water and sewer service. Since the beginning of their contractual relationship, the parties have been mired in myriad disputes concerning appellant's claims that appellee was in default on his payments under the contracts, appellant's attempts to increase the amount to be paid by appellee for water and sewer service, and appellee's complaints concerning the quality of the water service provided by appellant to the property. Appellee testified at trial that appellant raised the monthly rate for water and sewer service to $10 and later to $18, although the contract provision specifying a payment of only $6 was not amended by the parties. Appellee acknowledged that he

paid the higher rates for a while, but testified he reduced his payments to $6 when he began to experience problems with the water and sewer service.

When appellee sent checks to appellant for payment of his various obligations, appellee designated on the face of the check the obligation to which the payment was to be applied, which he was entitled to do pursuant to OCGA § 13-4-42. Once the disagreement over the amount to be charged for water and sewer service arose, however, beginning sometime in 1986 appellant disregarded the designations made by appellee and applied some of the payments to the alleged arrearage in appellee's water and sewer account. As a result, appellant claimed the land contract was in default and informed appellee he intended to exercise his right under the contract to repossess the land. In response, appellee filed this action seeking specific performance of the real estate contract and damages for breach of the contract. He subsequently amended his complaint to allege that appellant's failure to honor the appropriation of payments appellee made pursuant to OCGA § 13-4-42 constituted an intentional tort, entitling appellee to compensatory and punitive damages. The trial court granted appellee's demand for specific performance, and the Supreme Court affirmed without opinion. *Waldrip v. Voyles*, 259 Ga. XXXIII (1989). The trial court then ruled that appellant's violation of OCGA § 13-4-42 did constitute a tort and that appellee was entitled to summary judgment on the issue of liability for this claim. The issues of breach of contract, attorney fees, and damages for the tort claim were tried to a jury, which awarded $2,000 for breach of contract, $17,000 in attorney fees under OCGA § 13-6-11, and on the tort claim awarded $16,000 in compensatory damages for mental distress and $40,000 in punitive damages.

1. In two enumerations of error, appellant challenges the trial court's holding that a violation of OCGA § 13-4-42 constitutes a tort. He maintains that the statute merely creates an implied contractual condition, the breach of which has been held to entitle the debtor to extinguishment of the debt, see, e.g., *Mayor &c. of Millen v. Clark*, 193 Ga. 132 (3) (17 SE2d 742) (1941), and accordingly, he asserts the trial court erred by granting appellee's motion for partial summary judgment and denying appellant's motion for directed verdict. Conversely, appellee maintains that OCGA § 13-4-42 imposes a duty on appellant independent of the contract and thus provides a basis for a tort claim.

"It is axiomatic that a single act or course of conduct may constitute not only a breach of contract but an independent tort as well, if in addition to violating a contract obligation it also violates a duty owed to plaintiff independent of [the] contract to avoid harming him. [Cits.]" *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363, 365

(203 SE2d 587) (1973). Such duties " 'may arise from statute, or flow from relations created by contract, express or implied. The violation of any such specific duty, accompanied with damage, gives a right of action.' " *Mauldin v. Shaffer*, 113 Ga. App. 874, 878 (150 SE2d 150) (1966). "[I]n order to maintain an action ex delicto because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself. [Cits.]" Id. at 879-880.

OCGA § 13-4-42 provides in pertinent part: "When a payment is made by a debtor to a creditor holding several demands against him, the debtor shall have the right to direct the claim to which it shall be appropriated. If the debtor fails to do so, the creditor shall have the right to appropriate the payment at his election." Our courts have held that if the debtor directs payments pursuant to this statute, the creditor is obligated to apply the payments in accordance with this direction and has no authority to appropriate them in a different manner. *Mayor &c. of Millen*, supra at 133; *Roswell Bank v. Bearse*, 118 Ga. App. 610 (164 SE2d 886) (1968). Since this requirement that the creditor honor the debtor's allocation of payments on multiple obligations arises from OCGA § 13-4-42, not from a contract provision, it follows that this duty of the creditor is a "duty imposed by law and not merely . . . a duty imposed by the contract itself." *Mauldin*, supra. Accordingly, the breach of that duty gives rise to a cause of action in tort. See id. Accord *Sheppard v. Yara Engineering Corp.*, 248 Ga. 147 (281 SE2d 586) (1981) (lessor under mining lease has tort claim for trespass and conversion against lessee who removed materials not authorized to be removed under the lease); *Peters v. Imperial Cabinet Co.*, 189 Ga. App. 337, 338 (1) (375 SE2d 635) (1988) (where general contractor submitted affidavit of payment averring no outstanding indebtedness although subcontractor had not been paid, subcontractor has cause of action in tort for breach of legal duty to swear truthfully). As there was no dispute that appellant breached his duty to honor appellee's direction of payments, we hold the trial court correctly awarded partial summary judgment to appellee on the issue of appellant's liability for breach of his obligation under OCGA § 13-4-42.

2. Appellant next contends in five enumerations of error that the trial court's submission to the jury of appellee's claims for damages for mental anguish and for punitive damages was error because the evidence adduced at trial did not authorize such award and because the charge to the jury improperly allowed appellee a double recovery.

OCGA § 51-12-6 authorizes the recovery of damages in tort actions "in which the entire injury is to the peace, happiness, or feelings of the plaintiff." Punitive damages are awardable under OCGA § 51-

12-5, which provides that for "a tort action in which there are aggravating circumstances, in either the act or the intention, the jury may give additional damages to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." In *Westview Cemetery v. Blanchard*, 234 Ga. 540, 543-546 (216 SE2d 776) (1975), the Supreme Court held that the recovery of damages under OCGA § 51-12-6 (former Ga. Code Ann. § 105-2003) bars additional recovery under OCGA § 51-12-5 (former Ga. Code Ann. § 105-2002). The court reasoned that because both statutes allow recovery for wounded feelings and have punitive elements, an award of damages under both provisions would constitute a double recovery. *Westview*, supra at 546.

(a) In the case at bar, appellee offered no evidence of physical injury or pecuniary loss alleged to result from appellant's tortious misappropriation of appellee's payments. Consequently, this action fell within the scope of OCGA § 51-12-6 because the entire injury was alleged to be to the peace, happiness, or feelings of appellee, and thus he could recover damages only under that statute. *Brunswick Gas &c. v. Parrish*, 179 Ga. App. 495, 497-499 (347 SE2d 240) (1986); accord *Westview*, supra at 544-546; compare *Alford v. Oliver*, 169 Ga. App. 865, 868-869 (7) (315 SE2d 299) (1984) (where plaintiff pleaded and proved actual damages, recovery for punitive damages available only under OCGA § 51-12-5). When the entire injury alleged is to the plaintiff's peace, happiness, and feelings, "recovery is allowed only if the conduct complained of was 'malicious, wilful, or wanton.' [Cit.]" *Westview*, supra at 544; see *Hamilton v. Powell, Goldstein, Frazer &c.*, 252 Ga. 149 (311 SE2d 818) (1984).

Contrary to appellant's contentions, we do find evidence in the record to support an award of $16,000 in damages under OCGA § 51-12-6. Damages for mental pain and anguish are awardable for a violation of a legal right or duty which is an actionable wrong, for a legal wrong imputes damage. *Stephens v. Waits*, 53 Ga. App. 44, 46-47 (184 SE 781) (1936). Since we held in Division 1, supra, that appellee was entitled to recover for appellant's intentional tortious conduct, appellee was authorized, upon proper proof, to recover special damages for mental pain and anguish. At trial, appellee's wife testified that as a result of appellant's tortious conduct over a two-year period, appellee's "nerves are shot, I mean emotionally. It's drained both of us. [Appellee does not] sleep. . . . He's worried about it." The measure of mental anguish damages is the enlightened conscience of impartial jurors, OCGA § 51-12-6, and we cannot conclude that the verdict was so unreasonable or the result of gross mistake, undue bias, or prejudice, or passion that it should be set aside as excessive. See *Calloway v. Rossman*, 150 Ga. App. 381, 386 (8) (257 SE2d 913) (1979). Thus, we find no merit in appellant's contention that the award of

$16,000 was excessive.

(b) We do agree, however, with appellant's argument that since appellee proved mental anguish damages under OCGA § 51-12-6, he was not entitled to the additional award of $40,000 in punitive damages because of the rule set forth in *Westview,* supra at 545-546. Accordingly, we affirm the award of $16,000 in damages under OCGA § 51-12-6 on the condition that the $40,000 punitive damages award is written off; otherwise, appellant is entitled to a new trial on damages for the tort claim. See *Alford,* supra at 869 (8).

3. Appellant's contention that $5,000 of the attorney fees award should be stricken because of insufficient evidence is without merit. The jury indicated on the verdict form that this portion of the award was for fees incurred during the trial. Evidence was adduced that each of appellee's two counsel charged $75 per hour for trial work and that such a charge was reasonable. Since the jury was present for the three-day trial, the jurors were amply qualified to calculate attorney fees for that period.

4. We find no reversible error in the trial court's decision to admit into evidence orders entered by the court in the instant case and in another case between appellant and another homeowner involving the same misappropriation issue, as these orders were relevant to show the intentional nature of appellant's tortious conduct, which related to the issue of tort damages, and his stubborn and litigious behavior, which was relevant to appellee's claim for attorney fees under OCGA § 13-6-11.

*Judgment affirmed on condition. McMurray, P. J., Carley, P. J., Pope, and Cooper, JJ., and Judge Arnold Shulman concur. Birdsong, P. J., Beasley and Andrews, JJ., dissent.*

ANDREWS, Judge, dissenting.

I respectfully dissent from the majority opinion because I do not believe that OCGA § 13-4-42 creates a duty which exists independently of contract and therefore, the trial court erred in holding that a violation of that statute constitutes a tort. OCGA § 13-4-42 creates an implied contractual condition regarding application of payments which applies only if the parties have not otherwise contracted. "Where the parties have made an agreement respecting the application of payments, it must be observed." *Citizens Bank, Vienna v. Bowen,* 169 Ga. App. 896, 899 (3) (315 SE2d 437) (1984). In other words, the purpose of OCGA § 13-4-42 is to provide implied terms to contracts which are silent regarding payment application.

A violation of the implied contractual condition provided for by OCGA § 13-4-42 by definition cannot be a tort. OCGA § 51-1-1 provides: "A tort is the unlawful violation of a private legal right other than a mere breach of contract, express or implied." It is fundamental

that for a breach of contract to constitute a tort there must be a duty breached which is independent of the contract. *Sheppard v. Yara Engineering Corp.*, 248 Ga. 147, 148 (281 SE2d 586) (1981). See also *AAA Parking v. Bigger*, 113 Ga. App. 578 (149 SE2d 255) (1966). The fact that this statute, instead of the contract itself, supplied the particular contract terms which were breached here does not alter the fact that the duties between the parties arose solely from contract. Therefore, the majority's premise that because OCGA § 13-4-42 supplies the additional terms, the duties imposed thereunder are no longer contractual in nature, is misplaced.

Because of my conclusion with respect to Division 1 of the opinion, I dissent also from Divisions 2 (a), 3 and 4.

I am authorized to state that Presiding Judge Birdsong and Judge Beasley join in this dissent.

DECIDED OCTOBER 23, 1991.

*Troy R. Millikan*, for appellant.
*Cliff L. Jolliff, Mark Fockele*, for appellee.