[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15666
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-03525-MHS

ROY MUNN,

Plaintiff-Appellant,

versus

CPI IMAGES, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 7, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Section 30-4-2 of the Code of Georgia states that any physically disabled

person shall be given full and equal accommodations at places to which the public

is invited and may be accompanied by a service dog.[1]  Claiming that CPI Images,

LLC ("CPI") had denied him full and equal access to its portrait studio by ejecting

him and his dog, Duc, a 110 pound German Rottweiler, from its premises, Roy

Munn, proceeding *pro se*, sued CPI to recover damages for injury to his peace,

happiness, and feelings pursuant to O.C.G.A. § 51-12-6.[2]  He did so by invoking

O.C.G.A. § 51-1-6[3] because O.C.G.A. § 30-4-2 does not create a private right of

---

[1]  Section 30-4-2, "Equal accommodations for blind persons, persons with visual or physical disabilities, and deaf persons; use of guide or service dogs," states, in pertinent part:

> (a) . . . persons with physical disabilities . . . are entitled to full and equal accommodations, advantages, facilities, and privileges [at] any . . . places to which the general public is invited, subject only to the conditions and limitations established by law and applicable alike to all persons.
> (b)(1) . . . every physically disabled person . . . shall have the right to be accompanied by a service dog.

Section 30-4-1(2) defines a physically disabled person as

> any person, regardless of age, who is subject to a physiological defect or deficiency regardless of its cause, nature, or extent that renders the person unable to move about without the aid of crutches, a wheelchair, or any other form of support, or that limits the person's functional ability to ambulate, climb, descend, sit, rise, or to perform any related function.

[2]  Section 51-12-6, "Damages for injury to peace, happiness, or feelings," states:

> In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors. In such an action, punitive damages under Code Section 51-12-5 or Code Section 51-12-5.1 shall not be awarded.

[3]  Section 51-1-6, "Breach of legal duty gives action when," states:

2

action.

After the parties joined issue, the district court granted CPI summary judgment. Munn now appeals. He argues that he established all elements of his claim because the record clearly showed that: (1) he was physically disabled; (2) CPI did not provide him with full and equal accommodations because it refused to photograph him with his dog at its particular studio during normal business hours; and (3) CPI acted wantonly and willfully because it violated a criminal statute and tossed him off the premises after he informed CPI of its legal obligations.

We review *de novo* a grant of summary judgment, applying the same substantive law as the district court. *Durr v. Shinseki*, 638 F.3d 1342, 1346 (11th Cir. 2011). Summary judgment is proper where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(a). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant.

Claims brought under § 51-1-6 are governed by general principles of tort

---

When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.

3

law.  *See Reilly v. Alcan Aluminum Corp.*, 272 Ga. 279, 280, 528 S.E.2d 238, 240 (Ga. 2000).  Accordingly, to prove a claim under § 51-1-6, a plaintiff must show that: (1) the defendant owed him a duty; (2) the defendant breached that duty; and (3) the breach caused the plaintiff actionable damages.  *See Dupree v. Keller Industries, Inc.*, 199 Ga. App. 138, 141, 404 S.E.2d 291, 294 (Ga. App. 1991).

Where the only injury is to the peace, happiness, or feelings of the plaintiff, damages are recoverable only if the defendant acted maliciously, willfully, or wantonly.  *Westview Cemetery, Inc. v. Blanchard*, 234 Ga. 540, 545, 216 S.E.2d 776, 780 (Ga. 1975); *Waldrip v. Voles*, 201 Ga. App. 592, 595, 411 S.E.2d 765, 768 (Ga. App. 1991).  Willful conduct is conduct which evidences an intent to inflict injury.  *Martin v. Gaither*, 219 Ga. App. 646, 652, 466 S.E.2d 621, 625 (Ga. App. 1995).  Wanton conduct is that which is "so reckless or so charged with indifference to the consequences as to justify the jury in finding a wantonness equivalent in spirit to actual intent."  *Id*. (ellipses omitted).  Where a party violates another person's rights under the justified but mistaken impression that the action is required to comply with other obligations, the party's good faith conduct after seeking advice cannot be malicious, willful, or wanton.  *See Woodruff v. Kroger Co.*, 475 F. Supp. 147, 149 (M.D. Ga. 1979).

Assuming that O.C.G.A. § 51-1-6 authorized a suit for a violation of

4

O.C.G.A. § 30-4-2, that CPI owed Munn a duty to provide full and equal access to its facilities, and that his dog, Duc, qualified as a § 30-4-2(b)(1) "service dog," the district court properly granted CPI summary judgment because CPI did not breach such duty. CPI told Munn that it could not grant his request to be photographed with his dog at the studio during normal business hours because of its concern for the safety of children who were there. It would be willing to grant his request when the studio was closed, i.e., before or after normal business hours. Or, he could go to another CPI studio which could accommodate his request during normal business hours. Munn chose neither option.

Even if we considered CPI's refusal to photograph Munn and his dog (at the studio he chose) during normal business hours a breach of the § 30-4-2 duty, Munn still could not recover. As noted above, damages for injury to the peace, happiness, or feelings would be recoverable only if CPI acted maliciously, willfully, or wantonly. CPI's response to Munn's request clearly did not rise to such level. CPI dealt with Munn in good faith, in conformance with its responsibility for the safety of the children in the studio.

AFFIRMED.