**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 13, 2018**

# In the Court of Appeals of Georgia

A17A1752. ACCESS MANAGEMENT GROUP, L.P. v. HANHAM    BE-068
    et al.

BETHEL, Judge.

Access Management Group, L.P. appeals the denial of its motion for a directed

verdict and entry of final judgment against it. Access Management argues that the

trial court erred in denying its motion for directed verdict on the claims for negligence

and breach of contract, that the verdict form submitted to the jury was erroneous, and

that the trial court permitted a double recovery against it. We disagree and affirm.

James and Mary Hanham filed suit against their neighbor, Marie Berthe-

Narchet, her landscaper GreenMaster Landscaping Service, Inc., and Access

Management regarding a landscaping project Narchet had performed on Narchet's

property. Narchet had hired GreenMaster to build a retaining wall, plant trees, and

assist with a drainage issue in her backyard. The Hanhams alleged that Narchet's landscaping project channeled a large amount of water onto their property and that trees planted by Narchet were obstructing their view of the golf course, which reduced the value of their home.

Access Management was hired as the community management agent for the St. Marlo's neighborhood. As the community management agent, Access Management was responsible for managing the homeowner application process for landscaping modifications submitted to St. Marlo's architectural committee. To that end, Access Management collected information, reviewed it for compliance with the architectural standards manual, and forwarded it to St. Marlo's architectural committee for review and approval of the request.

Narchet's application for architectural review was submitted to Access Management in July 2012. The evidence presented at trial showed that the application failed to comply with the architectural standards manual in several respects. The Hanhams contend that the project was approved by Access Management without actual approval from St. Marlo's architectural committee, and that Access Management did not respond to their complaints regarding Narchet's landscaping project for at least five months.

At trial, Access Management moved for a directed verdict on all of the Hanhams' claims. The trial court granted directed verdicts to Access Management on the claims for trespass and nuisance but denied the request with respect to the claims for negligence, breach of contract, and invasion of privacy.[1]

The jury awarded damages and the trial entered final judgment against the defendants totaling $96,500, allocated as follows: (1) $5,000 compensatory damages for nuisance and negligence associated with the water flow and (1) (a) $12,000 in related attorney fees; (2) $7,000 compensatory damages for negligence with respect to the view and (2) (a) $10,000 in related attorney fees; and (3) $40,000 compensatory damages for breach of contract and (3) (a) $22,500 in related attorney fees. Access Management filed an objection to the final judgment, arguing that it provided for a double recovery to the plaintiffs because it awarded both contract and tort damages, and that the final judgment reflected an award for nuisance despite the trial court having entered a directed verdict on that claim. This appeal followed.

1. Access Management argues that the trial court erred in denying its motion for a directed verdict with respect to the claims for negligence and breach of contract.

_____

[1] Access Management does not appeal the denial of the directed verdict with respect to the Hanhams' claim for invasion of privacy.

3

"Such motions should be granted only where there is no conflict in the evidence as to any material issue, and the evidence presented, together with all reasonable deductions therefrom, demands a verdict in favor of the movant." *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269, 271 (2) (329 SE2d 900) (1985) (citations omitted). *See also* OCGA § 9-11-50 (a). "On appeal from the denial of a motion for a directed verdict . . . we construe the evidence in the light most favorable to the party opposing the motion, and the standard of review is whether there is any evidence to support the jury's verdict." *Park v. Nichols*, 307 Ga. App. 841, 845 (2) (706 SE2d 698) (2011) (citation omitted).

(a) Access Management argues that the trial court erred in denying Access Management's motion for directed verdict as to the Hanham's breach of contract claim. More specifically, Access Management argues that the Hanhams failed to present evidence that it breached the terms of the management agreement between it and St. Marlo's. We agree.

In denying the motion for directed verdict on this claim, the trial court found that the Hanhams were third-party beneficiaries to the contract between Access Management and St. Marlo's. Evidence presented at trial established that Access Management was hired as the community management agent for St. Marlo's.

4

Although the management agreement between Access Management and St. Marlo's provided that Access Management's duties were limited to the common areas, an Access Management employee testified that Access Management's responsibilities as community management agent included reviewing landscaping modification applications for compliance with the architectural standards manual.

A breach of contract, however, only occurs where "a contracting party repudiates or renounces liability under the contract; fails to perform the engagement as specified in the contract; or does some act that renders performance impossible." *Cordell & Cordell, P.C. v. Gao*, 331 Ga. App. 522, 526 (4) (a) (771 SE2d 196) (2015) (citation omitted). Here, it appears the parties mutually agreed by course of conduct to extend the responsibilities of Access Management beyond the scope of the terms provided in the management agreement. It is the deficient performance (or arguably, the non-performance) of these non-contractual responsibilities that provides the only actionable basis for the Hanhams' claims against Access Management. Neither this, nor any, breach of contract claim can be founded upon responsibilities not specified in the contract. Thus, because the contract at issue fails to provide a basis for liability, the trial court should have granted Access Management's directed verdict on the breach of contract claim.

(b) Access Management next argues that its motion for a directed verdict should have been granted with respect to the Hanhams' claim for negligence because they failed to establish that Access Management owed them a duty and because Access Management was simply following the directions of St. Marlo's architectural committee. We disagree.

"The threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care. Whether a duty exists upon which liability can be based is a question of law." *DaimlerChrysler Motors Co., LLC v. Clemente*, 294 Ga. App. 38, 47 (2) (668 SE2d 737) (2008) (citation omitted).

Here, the duties arguably owed by Access Management to the Hanhams must have arisen separately from the Declaration of Covenants, which authorized both the creation of the architectural standards manual and enforcement of the standards set forth therein. "Such covenants on real estate run with the title to the land and are specialized contracts which inure to the benefit of all property owners." *Lee v. Washington Square Homeowners' Ass'n, Inc.*, 273 Ga. App. 392, 394 (1) (615 SE2d 210) (2005) (citations omitted). For a single act or course of conduct to constitute an independent tort in addition to a breach of contract, the plaintiff must show the violation of a duty owed to him independent of the contract. *See Lee*, 273 Ga. App.

6

at 394 (1); *see also DaimlerChrysler Motors Co., LLC*, 294 Ga. App. at 49 (2) (b) ("A defendant's mere negligent performance of a contractual duty does not create a tort cause of action; rather, a defendant's breach of a contract may give rise to a tort cause of action only if the defendant has also breached an independent duty created by statute or common law." (citation omitted)). "In order to maintain an action ex delicto because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself." *Lee*, 273 Ga. App. at 395 (1) (citing *Waldrip v. Voyles*, 201 Ga. App. 592, 593 (1) (411 SE2d 765) (1991)).

The Hanhams introduced testimonial evidence that the parties had extended the responsibilities of Access Management beyond the scope of the terms provided in the management agreement. That is, an Access Management employee testified that Access Management's responsibilities as community management agent included reviewing landscaping modification applications for compliance with the architectural standards manual. Thus, because there is some evidence demonstrating the existence of a duty owed by Access Management outside of the management agreement and Declaration of Covenants, Access Management's directed verdict on the negligence claim was properly denied. *Compare Lee*, 273 Ga. App. at 395 (1)

(plaintiff failed to establish any facts that would create a duty owed to him beyond the declaration of covenants, restrictions, and bylaws of the association).

2. Access Management further argues that the verdict form submitted to the jury was erroneous in a number of ways. In particular, Access Management argues that: (1) the verdict form was confusing because it did not clearly indicate that the Hanhams were not automatically entitled to attorney's fees and that it was a separate claim ; (2) the verdict form made it appear as though the nuisance claim against Access Management was still valid ; and (3) the verdict form permitted a double recovery against Access Management by permitting both breach of contract and tort damages, and that the final judgment was erroneous for the same reason. We review the submission of a special verdict form for abuse of discretion. *See S. Water Technologies, Inc. v. Kile*, 224 Ga. App. 717, 719 (1) (481 SE2d 826) (1997). We address each of these alleged errors in turn.

(a) We disagree with Access Management's argument that the verdict form was confusing because it did not clearly indicate that the request for attorney fees was a separate claim to which the Hanhams were not automatically entitled. The trial court instructed the jury that the plaintiff was not entitled to attorney fees:

8

The expenses of litigation are not generally allowed as a part of the damages. But if the defendant has acted in bad faith or has been stubbornly litigious or has caused the plaintiff unnecessary trouble and expense, you may allow them. You should determine from the evidence the attorney's fees or other expense, if any, as will be allowed.

The trial court also took special care to explain the verdict form in detail. In its explanation, the trial court made clear that the request for attorney's fees was a separate item of damages. And the verdict form itself indicates this. Therefore, we find no error here.

(b) With respect to Access Management's argument that the verdict form made it appear as though the nuisance claim against Access Management was still valid, the trial court instructed the jury that, with respect to Access Management, it was only to consider the claims for negligence, breach of contract, invasion of privacy, and attorney fees. While explaining the verdict form to the jury in detail, the trial court specifically instructed the jury that

[Y]ou may only allocate liability – any kind of a percentage liability to Access Management Group if you find negligence on the part of Access Management Group. Okay? Otherwise you don't put anything. If you don't find negligence on the part of Access Management Group, you don't put anything in that blank next to Access Management Group. Okay?

9

Further, the verdict form specifically states in bold letters that the jury "may allocate liability to Access Management Group, LP only if you circled negligence above and find that Access Management Group, LP was negligent[,]" thus making it clear that the nuisance claim did not apply. This enumeration is without merit.

(c) Finally, Access Management argues that the verdict form and the final judgment were both erroneous because it permitted a double recovery against Access Management by allowing damage for both breach of contract and negligence. However, we need not address this enumeration given our reversal with respect to the breach of contract claim above in Division 1 (a). Our decision in that Division eliminates the damages awarded for the breach of contract claim and renders this enumeration of error moot.

*Judgment affirmed in part, reversed in part. McFadden, P. J., and Branch, J., concur.*