### 47704. RIVERDALE ASSEMBLY OF GOD, INC. v. ADVANCED REFRIGERATION, INC.

BELL, Chief Judge. This is a foreclosure suit on personalty by the appellee to which the appellant, Riverdale, filed an affidavit of illegality. The trial court found in favor of appellee and dismissed the affidavit.

Advanced Refrigeration entered into a title retention sales contract for heating and air conditioning equipment with the then president of the appellant corporation. The president executed the contract and an accompanying note on behalf of Riverdale. Also, at

the time of executing these two instruments, he gave a check in partial payment to appellee in the amount of $3,000 drawn on the account of Riverdale. The title retention contract provides for title to be retained by the appellee and upon default to enter upon the premises of Riverdale and take possession of the equipment. Riverdale defaulted. From the time of sale and relinquishment of possession to Riverdale, a period of about 18 months, Riverdale was constantly in possession and using the equipment. *Held:*

One of the defenses was that Fisher, the president of the appellant corporation, was without authority to execute the conditional sales contract or the accompanying instalment note. It was shown by the corporate bylaws that the property of the corporation cannot be sold, leased, mortgaged, or otherwise disposed of, without the consent of the members, and that checks had to be approved by the board. However, the restrictions in the bylaws do not prevent the president from *purchasing* equipment. Assuming arguendo that the bylaws did restrict the president in purchasing equipment, there is no evidence that these restrictions were known to Advanced Refrigeration at the time of the sale. Code Ann. § 22-2609 (g) provides that a corporation cannot be relieved of liability to a third person for the acts of its officers by reason of any limitation on their authority when the limitation is not known to the third person. But here, even if there had been evidence showing knowledge by the third person, the record shows that by subsequent acts the corporation ratified the security agreement and note. The corporation ratified the security agreement and note by payment of $3,000; by the continued use of the equipment; by evidence that an officer of appellant other than Fisher attempted to modify or renegotiate the terms of the contract on behalf of the appellant; and by failure of appellant to renounce the contract

within a reasonable time. *Southern Motors &c. Inc. v. Krieger,* 86 Ga. App. 574, 576 (71 SE2d 884); *Brooke & Co. v. Cunningham Bros.,* 19 Ga. App. 21 (90 SE 1037). There is no merit in the contentions that the appellee was not the holder of the security agreement and note or that there was a failure of consideration. The evidence abundantly authorized the trial court's judgment.

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED JANUARY 2, 1973 — DECIDED APRIL 4, 1973.

Hutcheson, Kilpatrick, Watson, Crumbley, Brown & Foster, John L. Watson, Jr., for appellant.

Powell, Goldstein, Frazer & Murphy, Hunter R. Hughes, for appellee.