50801. FREE FOR ALL MISSIONARY BAPTIST CHURCH, INC. et al. v. SOUTHEASTERN BEVERAGE & ICE EQUIPMENT COMPANY, INC.

WEBB, Judge.

Free For All Missionary Baptist Church, Inc., by and through its pastors who also are its president and secretary, Dr. W. J. Stafford and Dr. Tommie Clay, leased from Southeastern Beverage & Ice Equipment Company, Inc. certain liquor dispensary equipment for use in an

establishment known as "Soul on Top of Peachtree." The church made an initial payment of $1,575.80, then defaulted on the monthly rental payments. Southeastern brought suit against the church corporation, and Stafford and Clay as lessee's guarantors, seeking damages for breach of the lease. The jury returned a verdict for Southeastern, judgment was entered, and the church and its guarantors appealed.

The church contends that the lease was ultra vires and unauthorized, and that there was error in the measure of damages. *Held:*

1. Although the use by the church's membership of the equipment for purposes for which it was designed may transgress some Biblical admonitions (Proverbs 20:1; 23:30-33; Ephesians 5:18), incapacity or lack of power on the part of the church corporation does not make this lease invalid and the defense of ultra vires is not available. Section 22-203 of the Business Corporation Code abolishes the doctrine of ultra vires as a means of avoiding a transaction which a corporation later claims is beyond its capacity or power, and limits the assertion of the defense to three enumerated instances not applicable here. That provision applies also to nonprofit corporations and to church corporations. Code Ann. §§ 22-2203, 22-5501.

Moreover, the corporation is not relieved of liability to any third person for acts of its officers by reason of any limitation upon the power of the officers not known to such third person. Code Ann. § 22-2609 (g); *Riverdale Assembly of God, Inc. v. Advanced Refrigeration, Inc.,* 128 Ga. App. 718 (197 SE2d 767). There is no evidence that lessor knew of any limitation upon the power of the corporation's president.

2. The issue of error in the measure of damages was not raised at trial or on motion for new trial, and will not be considered by this court.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED JUNE 16, 1975 — DECIDED JULY 16, 1975.

*W. M. Mathews, Jr.,* for appellants.
*Somers & Altenbach, David D. Rawlins, John W. Gibson,* for appellee.