## 57386. REID v. NATIONAL BANK OF GEORGIA.

BIRDSONG, Judge.

This case is a suit to recover the principal on a promissory note, plus interest, and attorney fees. The defendant in his answer denied the material allegations of the complaint and alleged that the note was executed and delivered without consideration; that the note required the payment of a usurious rate of interest; that the note was uncertain, vague and ambiguous; that the note was executed by defendant in blank; and that plaintiff "filled in" the instrument in a manner which was not in compliance with the agreement of the parties. The plaintiff bank's motion for summary judgment was granted. The defendant has appealed enumerating as error the grant of this motion. *Held:*

1. The pleadings, admissions, and evidence show that defendant executed in May, 1974, a demand note in plaintiff's favor for $105,000 at a rate of interest described as "prime plus 1 & 1/2%." The defense of usury arises out of a letter written by plaintiff to defendant which provided in part that the extension of the amount of credit represented by the note was subject to defendant maintaining ". . . [d]emand deposit balances to be maintained in an amount of at least 20%" of the principal amount of the note. The defendant contends that this requirement of maintaining a compensating balance rendered the loan transaction usurious as this stipulation effectively only granted defendant the use of 80% of the $105,000 principal balance of the loan, or $84,000. This 20% retainage, defendant contends, would subject the transaction to a violation of the 9% interest rate set forth in Code § 57-101 which applies to a loan transaction under $100,000, in that the amount of interest actually charged was "prime plus" which was, in fact, in excess of the 9% rate. The bank on the other hand urges that the 9% rate does not apply as the amount of the note was in excess of

$100,000; that under Code § 57-119 an individual may not plead usury as a defense where the amount of the loan is $100,000 or more.

Defendant's contention reduced to its simplest terms is that the 20% compensatory demand balance was in effect a withholding of the loan proceeds by the bank which rendered the loan usurious. Defendant relies on *Bank of Lumpkin v. Farmers State Bank,* 161 Ga. 801, 813 (132 SE 221): "Where a lender makes a loan and requires that a *part* of the sum shall be kept on deposit with the lender, the loan is usurious. In other words, a condition that a borrower shall keep on deposit a certain sum, if made a condition precedent to a loan of money, infects the loan with usury; . . . for the reason that the borrower thus pays interest on money which he does not receive or have the use of." (Emphasis supplied.) See also *Quinn v. First Nat. Bank of Fitzgerald,* 8 Ga. App. 235 (68 SE 1010). These cases and others with similar holdings as cited by defendant cannot apply as they are all factually distinguishable. In the cases relied on by defendant, funds from the loan proceeds were withheld from the borrower by the lender, and the borrower did not have unlimited use of the retainage. Here, the bank submitted evidence that no holds were placed on defendant's accounts; that he had free use of all funds in his accounts; and that defendant did not maintain a 20% balance in his accounts. The defendant's deposition was taken on two occasions. At the first, he testified that he maintained a personal checking account only with the plaintiff bank and in no instance was he ever precluded from withdrawing funds from this account. Following this deposition, defendant submitted an affidavit wherein he averred in connection with the loan in question that he was required to keep "demand deposit balances" amounting to not less than 20% of the outstanding balance of the loan; that he was "unable to use nor did I use" the demand deposits which he maintained with plaintiff; and that "I was advised by THE NATIONAL BANK OF GEORGIA, plaintiff herein, that I could not use those funds on demand deposit once they totalled less than (20%) percent of the outstanding balance of said loan."

At the second deposition, defendant testified that the

demand deposits referred to in his affidavit were his personal checking account and the account of Georgia Surgery Clinic, P. C. (a professional corporation of which at one point he was the sole owner). Defendant further testified that he had reduced his personal checking account to a zero balance; and that he sold all of his stock in this corporation in May or June, 1975, and the corporate checking account was closed. Subsequent to the second deposition, defendant filed an amendment to his first affidavit wherein he added the statement that at times his compensating balances maintained with plaintiff were less than 20% of the balance of his loan, and when that occurred, plaintiff would request that cash be deposited to bring the balance up to the required minimum. Defendant further added the averment that his reference in the first affidavit to compensating demand balances had reference particularly to his personal checking account and the checking account of Georgia Surgery Clinic, P. C. The plaintiff's evidentiary showing in support of the motion which includes the deposition testimony of defendant clearly shows that no portion of the loan was withheld by the bank and that defendant was permitted free and unlimited access to the funds in his personal checking account. Secondly, this evidence demands the same conclusion with reference to the corporate account as defendant divested his interest in it.

The averments in defendant's affidavits that he was unable to use or his use of these funds was limited were merely unsupported conclusions which may not be considered in determining whether an issue of fact is present as they have no probative value. *Chandler v. Gately,* 119 Ga. App. 513 (1b) (167 SE2d 697). Accordingly, no material issue of fact remains as to the defense of usury.

2. All other claimed defenses were pierced by the plaintiff's showing on the motion. The grant of summary judgment was correct.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED MARCH 12, 1979 — DECIDED APRIL 13, 1979 —

Levine & D'Alessio, Morton P. Levine, Benning M. Grice, Jr., Joseph L. Llop, for appellant.

Schwall & Heuett, Donald J. Goodman, for appellee.