77427. FRESH & FANCY PRODUCE, INC. v. BRANTLEY et al.
(378 SE2d 379)

BIRDSONG, Judge.

The appellant, Fresh & Fancy Produce, Inc. ("Fresh & Fancy") appeals a grant of summary judgment on two promissory notes sued upon by appellees Jean Collins and Sam Brantley. The promissory notes, in the amounts of $25,000 and $6,000 respectively, were executed in 1984 on behalf of Fresh & Fancy by Charles C. Collins, as then-president of the corporation.

Fresh & Fancy denied the obligation, asserting the execution of the notes by Collins to be ultra vires and part of an elaborate scheme to make Fresh & Fancy liable by note to pay Jean Collins and Brantley for Charles Collins' own investment in the company with money which essentially originated with himself and/or his wife Jean Collins.

Fresh & Fancy also filed a third-party complaint against Charles Collins for such unauthorized acts and his alleged machinations of fraud, duplicity and vexation. This third-party complaint is still pending.

To the trial court's grant of summary judgment to plaintiffs Brantley and Jean Collins as to Fresh & Fancy's liability on the notes, Fresh & Fancy enumerates three errors. *Held*:

1. Appellant contends the trial court erred in denying a transfer of the case to the Superior Court of Clayton County, pursuant to Rule 3.2 of the Uniform Superior Court Rules. Rule 3.2 provides for assignment or transfer of companion, related and "derivative" cases, where substantially the same parties or subject matter or factual matter, are involved. The appellant in brief has alleged a welter of evidentiary matters, and leaves it to us to infer that the same matters were being litigated in another suit in Clayton Superior Court.

Appellant has failed to show any factors inclining transfer of cases by Superior Court Rule 3.2. There is nothing in its presentation to this court to show that a related case involving substantially the same parties, subject matter, or factual matter was pending or settled elsewhere. This enumeration is without merit.

2. The trial court did not err in granting summary judgment to Brantley and Jean Collins on the promissory notes. The evidentiary proposals, referenced mainly by affidavits of appellant's attorney and others, appear to deal mainly with the authority, by corporate by-law, of Charles Collins to execute the notes; and an alleged dispute as to whether such by-laws were in effect when the notes were executed, and as to whether any other corporate officer knew he had borrowed the money.

The trial court in its order of summary judgment dealt with these evidentiary assertions and found with specificity that each of the factual assertions by affidavit was inadmissible for lacking foundation, being merely conclusory, or having no probative value; or as being wholly immaterial to appellant's liability on the notes executed by its then-president.

Appellant has not suggested to this court, or shown, that the trial court erred in any of these evidentiary rulings which led that court to the conclusion that there was no material issue of fact. Neither has appellant shown that any of these alleged factual matters affects appellant's liability on the notes. The by-law states the president "shall only borrow money on behalf of the Corporation pursuant to specific authority from the Board of Directors." If Collins lacked any such authority to execute the notes, there appears to be no evidence the appellees knew of any such restriction or lack of authority. Any evidence that Brantley had some of the corporate records, including by-laws, does not prove that he knew Collins did not have "specific authority" to execute the notes, so as to revive a jury issue. Brantley swears by affidavit that he had no knowledge of any particular restrictions. Appellant has not pointed out to us any specific, non-conclusory evidence to the contrary. In response to motion for summary judgment, it is not enough to dispute a sworn fact by proposing an indistinct conclusion to the contrary, but the respondent must "say what he has to say at the right time," by producing evidence that rebuts the prima facie right to judgment. Davis & Shulman, Ga. Prac. & Proc. § 9-10, (5th ed.) and cases cited. There is therefore no evidence except the shadow of an issue by speculation (see *Reid v. Nat. Bank of Ga.*, 149 Ga. App. 834 (256 SE2d 82)) to rebut Brantley's affidavit that he *actually knew* of no such restrictions, so as to relieve the corporation of liability under OCGA § 14-2-150 (g). This is particularly and materially conclusive in view of OCGA § 14-2-22, which restricts a corporation's generalized use of an "ultra vires" defense.

See esp. *Free For All &c. Baptist Church v. Southeastern Beverage &c. Co.*, 135 Ga. App. 498 (218 SE2d 169).

3. Appellant made a counterclaim with a third-party complaint against Collins, alleging inter alia a conspiracy against appellant by Collins and appellees Brantley and Jean Collins by false pretenses to "wrongfully recover money" it does not owe, and a *Yost* claim, *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986).

Appellant complains that the trial court failed to address the appellees', Brantley and Collins, motion for judgment on the pleadings as to this counterclaim. In fact, while granting summary judgment to Brantley and Jean Collins against appellant as to liability on the notes, the trial court held also that some of the evidence may well be material as to the third-party claim by appellant, Fresh & Fancy Produce, Inc. By leaving this third-party claim intact, the trial court left alive any question of fraud or deceit, scheme or conspiracy as to whether Collins or other persons committed actionable damage to appellant. But as to the simple issue of liability of the corporation *on the notes*, the evidence leaves no dispute. This is not to say nothing improper was done to make or obtain the notes, but merely that such was not proved so as to survive summary judgment.

If there are issues of fraud and deceit, they might be proved under the third-party complaint and other evidence. But this appeal does not show error by the trial court on this grant of summary judgment, and that is all it ruled, and all we rule.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JANUARY 31, 1989.

*William H. Turner, Jr.*, for appellant.
*J. Dunham McAllister, Alfred L. King, Jr.*, for appellees.