A96A1423. HAUGHTON et al. v. NAMANO, INC.
(476 SE2d 31)

RUFFIN, Judge.

Namano, Inc. ("Namano") sued James and Donna Haughton for money owed for jewelry they purchased on open account, and the Haughtons counterclaimed alleging usury. The trial court granted summary judgment to Namano on its claim and on the Haughtons' counterclaim. The Haughtons appeal from that order, and for reasons which follow, we affirm in part and reverse in part.

The standard for a grant of summary judgment is found in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The moving party must "demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." Id.

1. The trial court did not err in granting summary judgment to Namano on its claim for open account. The record shows that Namano sued the Haughtons for money owed for jewelry sold on open account. The jewelry was itemized on invoice number 145228, and the original purchase price was $8,224.50. Payment was due on or before September 10, 1992. In a series of monthly statements, Namano billed the Haughtons for the amount owed on invoice num-

ber 145228, adding a 1.5 percent finance charge which, when unpaid, became part of the following month's principal. According to the affidavit of Namano's president and Namano's account statement, the Haughtons owed Namano $10,680.19 for invoice number 145228 as of March 1, 1995. This was the amount and date used by the trial court in its judgment.

The Haughtons denied owing the debt and filed a counterclaim alleging that the interest was usurious. The Haughtons did not deny purchasing the jewelry, but alleged that they had made payments which were not properly credited to invoice number 145228. According to the Haughtons, they made payments in 1994 totaling $12,000. The record shows the Haughtons made each payment without directing Namano to apply the payment to any specific account. Namano contended these payments were credited to various sub-accounts which had previously been established and presented statements for the sub-accounts which verified its contention.

In an affidavit, Mr. Haughton stated that under his agreement with Namano, the Haughtons received certain Namano goods to be sold on consignment and that the Haughtons were not supposed to be charged for the goods until there was an actual sale. However, Mr. Haughton further asserted that he could not determine from the records submitted by Namano whether the sub-accounts which were credited were consignment accounts or whether the Haughtons should have been charged for those accounts. The Haughtons failed to come forward with any evidence showing that these sub-accounts were, in fact, consignment accounts or that Namano improperly applied credits to these sub-accounts.

Mr. Haughton's *belief* that the sub-accounts may have been consignment accounts does not create a material issue of fact. Namano asserted by affidavit that payments made by the Haughtons were properly applied to the oldest sub-account, leaving a balance due on invoice number 145228 of $10,680.19 as of March 1, 1995. According to OCGA § 13-4-42, "[w]hen a payment is made by a debtor to a creditor holding several demands against him, the debtor shall have the right to direct the claim to which it shall be appropriated. If the debtor fails to do so, the creditor shall have the right to appropriate the payment at his election. . . ." The Haughtons have not pointed to any evidence showing that they directed Namano to credit the payments to any specific account or that Namano improperly credited their payments to the consignment accounts.

"In response to [a] motion for summary judgment, it is not enough to dispute a sworn fact by proposing an indistinct conclusion to the contrary, but the respondent must say what he has to say at the right time, by producing evidence that rebuts the prima facie right to judgment." (Citations and punctuation omitted.) *Fresh &*

*Fancy Produce v. Brantley*, 190 Ga. App. 128, 129 (2) (378 SE2d 379) (1989). See also *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga. App. 481 (3) (445 SE2d 297) (1994).

Since there was no evidence "except the shadow of an issue by speculation . . . to rebut [Namano's] affidavit" that it properly applied the payments to debts which the Haughtons owed to Namano, the trial court did not err in granting summary judgment to Namano on its claim for open account. *Brantley*, supra. Contrary to the dissent's argument, Namano did *not* admit the practice of billing all items under a single account maintained under customer number 34535. In fact, the affidavit of Namano's president specifically states that while all accounts were maintained under customer number 34535, statements were sent on a monthly basis in each account and indicated the sub-account number. Moreover, we cannot agree with the dissent's belief that the Haughtons' intent to pay invoice number 145228 is clear and that a trier of fact may infer from the amount of the check that each was in payment of the specific amount sued on in this action. The Haughtons have failed to produce any evidence showing that they intended the payments to be credited to invoice number 145228 or that Namano improperly credited their sub-accounts. In addition, the checks which they wrote to Namano did not in any way correspond with the amount owed on the sub-accounts.

However, for the reasons addressed in Division 2, the amount awarded by the trial court may have been improper.

2. The trial court erred in granting summary judgment to Namano on the Haughtons' counterclaim for usury. OCGA § 7-4-16 permits a commercial account creditor to "charge interest on that portion of a commercial account which has been due and payable for 30 days or more at a rate not in excess of 1½ percent per month calculated on the amount owed from the date upon which it became due and payable until paid." See *McNair v. Gold Kist,* 166 Ga. App. 782 (2) (3) (305 SE2d 478) (1983). The record in the present case shows that finance charges of 1.5 percent per month were charged each month on the previous month's balance. This balance included the previous months' interest. While the finance charges for each individual month never exceeded 1.5 percent, there remains a question of fact based on the record as it now stands whether Namano's practice of calculating interest on interest violated OCGA § 7-4-16.

Namano correctly asserts that Georgia law, at times, permits transactions in which interest on interest is assessed. See, e.g., *Walton v. Johnson*, 213 Ga. 108 (2) (97 SE2d 310) (1957); and *Hardy v. G.A.C. Finance Corp.*, 131 Ga. App. 282 (2) (205 SE2d 526) (1974). However, these cases dealt with "interest notes" or contractual provisions addressing interest. The record is devoid of any such items in

the present case. We note in passing the Attorney General's unofficial opinion number U83-9, dated February 22, 1983: "[w]here a commercial account *provides* that unpaid interest becomes a 'liquidated demand,' such interest may be treated as part of that portion of the account which has been due and payable, within the meaning of this section; where such interest has been due and payable for 30 days or more, it may itself accrue interest at the contract rate." (Emphasis supplied.) See OCGA § 7-4-16.

Since we cannot locate any evidence in the record of a provision allowing Namano to collect interest on interest, we find that the trial court erred in granting summary judgment to Namano on the Haughtons' counterclaim for usury. This issue must be addressed before the trial court can correctly determine the amount owed by the Haughtons on Namano's open account claim.

*Judgment affirmed in part, reversed in part, and remanded with directions. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Johnson, Blackburn and Smith, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent from the partial affirmance of summary judgment on behalf of plaintiff Namano, Inc., in this action to collect a debt. Defendants James Haughton and Donna Haughton defended, in part, on the basis that certain payments, undeniably made, were unilaterally and improperly attributed to other so-called "sub accounts." In my view, the majority errs in affirming summary judgment as to liability on the basis of OCGA § 13-4-42, based upon plaintiff's affidavit that the amounts paid by defendants were unilaterally attributed to such "sub accounts." Defendants, as debtors, were authorized to believe that these payments were being credited to the account here sued on, reasonably relying upon plaintiff's admitted practice of billing all items only under the single account, "maintained under customer number 34535." The trier of fact may infer from the amount of the check that each was in payment of the specific account sued on in this action, since that is what defendants intended. "It is not necessary [under former Code § 20-1006, now OCGA § 13-4-42] that express directions shall be given, [and] if the facts and circumstances indicate the intention of the parties at the time the payment is presented, the law will direct credit of the payment accordingly where the intent is clear." *Roswell Bank v. Bearse,* 118 Ga. App. 610 (164 SE2d 886). I would further hold that defendants' evidence is sufficient to create a genuine issue of material fact as to whether this Code section even applies under the terms of the *consignment* contracts among plaintiff and defendants. It is not the defendants' duty, under *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) to explain the plaintiff's unilateral attribution of pay-

ments made. Rather, it is sufficient for the non-movant to establish a genuine issue of material fact, with the onus on the movant to make any further reply. Since, in my view, plaintiff has failed to establish the non-existence of several material fact questions, I respectfully dissent from the affirmance of summary judgment as to defendants' liability.

DECIDED AUGUST 30, 1996.

*Bowles & Bowles, Jesse G. Bowles III*, for appellants.
*Stokes, Lazarus & Carmichael, Marion B. Stokes, Richard J. Joseph*, for appellee.