A89A0805. MADDOX v. BROWN et al.
(387 SE2d 584)

McMURRAY, Presiding Judge.

John Thomas Brown and Pamela Hawkins Brown (plaintiffs) brought an action against Frank Maddox, d/b/a Frank Maddox Construction Company (defendant) and alleged defendant constructed a house for them on a "cost plus" basis and that defendant breached the construction contract by failing to complete the house. Plaintiffs also alleged defendant did not construct the house in a "workmanlike manner" and that defendant deceitfully administered the contract by failing to disclose information regarding cost of construction. Defendant denied the material allegations of the complaint and counterclaimed, seeking general and punitive damages for abusive litigation and seeking to recover for plaintiffs' alleged failure to pay for extra work performed on the construction project.

Plaintiffs filed a motion for partial summary judgment and, in support thereof, filed defendant's two-volume deposition. The trial court considered only one volume of the deposition before entering summary judgment for plaintiffs. Defendant appealed and this court

reversed and directed "the trial court [to] consider [defendant's entire deposition] and all pertinent documents and proof before determining whether [plaintiffs'] motion should be granted." *Maddox v. Brown*, 188 Ga. App. 728 (374 SE2d 222). Upon remand, the trial court considered both volumes of the deposition and entered summary judgment for plaintiffs on the counterclaim, specifically striking defendant's claim for punitive damages. This appeal followed. *Held*:

1. Defendant contends the trial court erred in entering summary judgment for plaintiffs on his claim for extra services performed on the construction project.

"In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Bridges v. Interstate Truck Leasing*, 171 Ga. App. 361 (319 SE2d 531); see *Dickson v. Dickson*, 238 Ga. 672, 675 (235 SE2d 479)." *Peterson v. Liberty Mut. Ins. Co.*, 188 Ga. App. 420, 422 (373 SE2d 515). It is from this perspective that we view defendant's deposition testimony.

In the case sub judice, defendant testified that he contracted with plaintiffs to build a house for $81,169 and that the house was to be constructed according to plans and specifications provided by plaintiffs. Defendant further testified that plaintiffs requested additions after he began construction which were not contemplated in the original plans and specifications; that he performed these changes; that plaintiffs failed to pay for the additional services and that, as a consequence, plaintiffs are indebted to him for over $10,000. Plaintiffs' attorney then questioned defendant about a builder's affidavit, wherein defendant deposed "that all . . . repairs or improvements have been completed [on plaintiffs' house and] that there are not . . . any outstanding bills, either for services, labor or materials on account of any such improvements or repairs placed upon said property . . . ." Plaintiffs' attorney also questioned defendant about a memorandum defendant executed wherein defendant acknowledged full payment for services rendered in building plaintiffs' house. Defendant explained that he executed these documents in exchange for plaintiff John Thomas Brown's promise not to pursue complaints plaintiffs had in connection with defendant's performance in building the house. Defendant further explained that he is now pursuing his claim for the additional services because plaintiffs refused to comply with the parties' settlement agreement.

There is no question that defendant's testimony regarding the additions he made to plaintiffs' house supports his claim that plaintiffs are indebted to him for additional services rendered. However, plaintiffs cite *Georgia Farm &c. Ins. Co. v. Nolan*, 180 Ga. App. 28

(348 SE2d 554), and argue that this testimony was properly disregarded in light of defendant's contradictory statements in the builder's affidavit and the memorandum. This argument is without merit.

In *Nolan*, this Court held "that where a party directly contradicts himself, the conflict will be resolved against him unless a reasonable explanation is offered. See *Prophecy Corp. v. Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). See also *Combs v. Adair Mtg. Co.*, 245 Ga. 296 (264 SE2d 226) (1980)." *Georgia Farm &c. Ins. Co. v. Nolan*, 180 Ga. App. 28, 29, supra. However, this rule applies only where a party-witness offers conflicting "testimony . . . in response to a motion for summary judgment." *Gentile v. Miller, Stevenson & Steinichen*, 257 Ga. 583 (361 SE2d 383). In the case sub judice, defendant did not offer the builder's affidavit or the memorandum in response to plaintiffs' motion for summary judgment. He simply relied on the evidence of his deposition which supported his claim. Consequently, since defendant's deposition testimony refutes plaintiffs' evidence that they are not indebted to defendant for the extra services rendered, genuine issues of material fact remain and the trial court erred in entering summary judgment for plaintiffs on this aspect of defendant's counterclaim.

2. Next, defendant contends the trial court erred in granting summary judgment for plaintiffs on his claim for "general and punitive damages as claimed under the guidelines set forth in *Yost v. Torok*, [256 Ga. 92 (344 SE2d 414)]."

" 'Any party who shall assert a claim, defense, or other position with respect to which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim, defense, or other position; or any party who shall bring or defend an action, or any part thereof, that lacks substantial justification, or is interposed for delay or harassment; or any party who unnecessarily expands the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures, shall be liable in tort to an opposing party who suffers damage thereby.' *Yost [v. Torok*, 256 Ga. 92, 95 (13), 96, supra.)]" *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790, 795 (4), 796 (359 SE2d 920).

In the case sub judice, plaintiffs submitted no evidence to substantiate their claims against defendant. The only evidence in the record is defendant's deposition and it primarily supports defendant's claim that he properly executed the construction contract; that he constructed the house in a workmanlike manner; that plaintiffs failed to pay the full contract price for their home and that plaintiffs did not pay for additional services defendant rendered while building plaintiffs' house. This evidence and evidence indicating that plaintiffs

breached a settlement agreement not to sue defendant for claims arising from the construction project was sufficient to authorize a recovery under *Yost v. Torok*, supra. See *Whitley v. Bank South*, 185 Ga. App. 896, 899 (4), 901 (366 SE2d 182). Consequently, the trial court erred in granting plaintiffs' motion for summary judgment on defendant's counterclaim for abusive litigation. However, the trial court did not err in striking defendant's request for punitive damages as the same are not recoverable in such an action for abusive litigation. *Yost v. Torok*, 256 Ga. 92, 95 (n. 3), supra.

3. The contentions of defendant's remaining enumerations have either been resolved in Divisions 1 and 2 or they present nothing for review.

*Judgment reversed in part and affirmed in part. Carley, C. J., concurs. Beasley, J., concurs in Divisions 2 and 3 and in the judgment.*

DECIDED OCTOBER 11, 1989.

*W. Ron Bryan*, for appellant.
*Brown & Romeo, Robert T. Romeo*, for appellees.