A90A1235. REEVES v. J. M. GIVAN COMPANY, INC.
(398 SE2d 765)

COOPER, Judge.

Appellant appeals the trial court's grant of summary judgment to appellee in this slip and fall case.

Appellant and several of her friends, on their own, entered a newly built home which had a "for sale" sign in the yard. Appellant stated that as she walked from the kitchen to the dining room she fell and injured herself. In her deposition, appellant stated that although some molding needed to be installed, the house looked completed to her and that, although she did not see what she tripped over because she was not looking at the floor, she thought she tripped over a strip of wood or metal. Appellant submitted an affidavit of a private investigator who has investigated many slip and fall cases who stated that upon examination of the house and the area in which the accident occurred, he discovered a strip of oak nosing separating the kitchen

and the den which was not flush with the adjacent flooring, which caused an unsafe condition and which, in his opinion, did not conform to the custom and practice of the industry. The affiant stated that reasonable design would dictate that the oak nosing be flush with the adjacent flooring and that the appellee should have provided a cautionary notice, such as "watch your step" on the premises. The affiant, however, stated that he was asked to assume that appellant in fact did trip on that oak nosing between the kitchen and the den. The majority shareholder of appellee, a corporation involved in residential construction which was the builder and general contractor of the residence in which appellant fell, acknowledged in his deposition the existence of the oak nosing which was not flush with the adjacent flooring. The shareholder stated that there was a distance of six inches between the floor and the piece of nosing and that the final floor covering had not been placed on the floor adjacent to, the nosing. He stated that when this floor was completed, the floor would be built up so that it would meet the nosing at the threshold and eliminate the majority of the six-inch differential. The shareholder explained that at the time of the accident the house was not completed, and certain floor coverings were not in place, but that the house was in a salable state. The house had been turned over to a separate company which was responsible for showing the house to clients and handling the sale. At the time of the accident, the "for sale" sign was in the yard of the house and the house was unlocked. There is no evidence that any cautionary or warning signs were on the premises.

In her complaint, appellant alleges that she fell as a result of a dangerous condition on appellee's property, specifically that the floor was uneven and slick and that the floor was negligent in construction and .design, which caused the dangerous condition. " 'In order to pierce allegations of material fact contained in the plaintiff's petition, the evidence offered by defendant on motion for summary judgment must unequivocally refute those allegations and must clearly show what is the truth of the matter alleged.' [Cit.] 'If the defendant/movant does not pierce the pleadings and disprove one or more of the essential elements of plaintiff's case, the mere fact that the evidence submitted by the plaintiff does not prove the latter's case is not tantamount to the defendant/movant's carrying his burden.' (Cit.) ' "Summary judgments should only be granted where, construing *all* inferences against the movant, it yet appears without dispute that the case can have but a single outcome." '(Cit.)" *Lamb v. Ga.-Pacific Corp.*, 194 Ga. App. 848, 849 (2) (392 SE2d 307) (1990). Further, " '[i]n ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion.'

[Cits.]" *Maddox v. Brown*, 193 Ga. App. 158 (1) (387 SE2d 584) (1989). A review of the entire record before us reveals that appellee did not pierce the pleadings of appellant, and the inferences and conclusions arising from the deposition testimony and the affidavit submitted by appellant, construed in favor of appellant, convince us that there are genuine issues of material fact to be resolved by a jury as to the cause of the accident and the condition of the floor construction. We arrived at this conclusion even after disregarding the assumption of the cause of the fall contained in the investigator's affidavit as required by *Morris-Bancroft Paper Co. v. Coleman*, 188 Ga. App. 809, 811 (374 SE2d 544) (1988). The cases cited by appellee are inapposite in that the record in the instant case does contain evidence on the cause of the fall; therefore, we have more in our record than just proof of the occurrence of a fall.

*Judgment reversed. Banke, P. J., concurs. Birdsong, J., concurs in judgment only.*

DECIDED OCTOBER 26, 1990 —
REHEARING DENIED NOVEMBER 19, 1990 — ■

*Joseph M. Todd*, for appellant.
*K. Marc Barre, Jr.*, for appellee.