A91A0185. MADDOX v. BROWN et al.
(408 SE2d 719)

POPE, Judge.

Plaintiffs John and Pamela Brown entered into a contract with defendant Frank Maddox d/b/a Frank Maddox Construction Company for the building of a house. The evidence at trial showed the house was to be built on a "cost plus" basis, with plaintiffs to reimburse defendant for all costs of construction plus pay him a fee of $5,500 for his services as contractor. After the house was constructed plaintiffs sued defendant for breach of contract and fraud, alleging defendant was overpaid because he never submitted documentation of expenses to cover some of the payments made to him, alleging construction defects in the house and alleging defendant had defrauded them by misrepresenting his services and overcharging them. Defendant counterclaimed for additional payments allegedly due under the

contract and for damages for abusive litigation.[1] Judgment was entered in favor of plaintiffs pursuant to the jury verdict awarding $21,843.69 in actual damages, $30,000 in punitive damages and $6,560 for attorney fees. Defendant appeals.

1. The trial court did not err in granting a directed verdict to plaintiffs on defendant's counterclaim for the cost of constructing additions to the original plan of the house. Defendant agreed at trial that the contract was for cost of construction plus a contractor's fee. Because the evidence showed plaintiffs fully paid defendant for the bills submitted and, in fact, a sum in excess of the bills submitted, no issue was presented to submit to the jury on defendant's claim for an amount due under the contract. Nor did the trial court err in granting directed verdict to plaintiffs on defendant's counterclaim for abusive litigation. When this case previously appeared before this court in *Maddox v. Brown*, 193 Ga. App. 158 (387 SE2d 584) (1989), we ruled that the record contained insufficient evidence to sustain plaintiffs' motion for summary judgment on defendant's counterclaim for abusive litigation. At trial, sufficient evidence was presented to create an issue for jury determination on each of plaintiffs' claims, including, as discussed in Division 2, below, the claim for fraud. Because plaintiffs' claims presented justiciable issues of law and fact and the claims were not lacking in substantial justification, then directed verdict was proper on defendant's counterclaim for abusive litigation. Cf. *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986).

2. The trial court did not err in denying defendant's motion for directed verdict on plaintiffs' claim for fraud. "To recover in tort for fraud the plaintiff must prove five essential elements: (1) That the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." (Citation and punctuation omitted.) *Plough Broadcasting Co. v. Dobbs*, 163 Ga. App. 264, 265 (293 SE2d 526) (1982). Plaintiffs testified that they originally asked defendant to provide labor for the construction of the house while they, as owners, acted as general contractor. Defendant, however, represented that if he were hired as general contractor he would be able to pass along savings to plaintiffs by obtaining a contractor's discount on materials. Evidence was presented that no dis-

---

[1] This is the third appearance of this case in this court. Previous opinions addressed the trial court's rulings on plaintiffs' motions for summary judgment on defendant's counterclaim. See *Maddox v. Brown*, 193 Ga. App. 158 (387 SE2d 584) (1989); *Maddox v. Brown*, 188 Ga. App. 728 (374 SE2d 222) (1988). Finally, the case proceeded to trial and this appeal addresses the jury verdict.

count was obtained on certain items. Defendant also did not see that the correct amount of sales tax was charged for materials billed to plaintiffs. Defendant represented that the construction would be completed within 90 days of the closing of the construction loan, when in fact construction took almost twice that long. Moreover, even at trial, defendant did not provide plaintiffs with bills for all the material and labor charged to them. We cannot say as a matter of law that the facts would preclude the jury from finding each of the elements of fraud. "It is only where reasonable persons may not differ as to the proper inferences to be drawn from the evidence that it is proper for the judge to remove the case from jury consideration. [Cit.] The trial court was correct in denying [defendant's motion] for directed verdict." Id. at 266.

3. Contrary to defendant's argument, plaintiffs did not strike from the complaint all claims for punitive damages by striking the paragraph alleging a decrease in the value of the house due to construction defects. The complaint still alleged damages for fraud. "The perpetration of a fraud is one of the specific reasons for allowance of punitive damages." Champion v. Martin, 124 Ga. App. 275, 277 (2) (183 SE2d 571) (1971). Thus, the trial court did not err in instructing the jury on punitive damages.

4. Defendant argues the trial court erred in failing to charge that the proper measure of damages is the difference between the actual value of the house built and the contract price, even though defendant made no request for such a charge. Instead, the trial court instructed the jury that if it found plaintiffs had suffered loss of use of their property as a result of the contractor's defective workmanship, plaintiffs could recover damages for loss of use as well as costs of repairing the defects. This was also a proper measure of damages and the charge was not in error. See Coursey Bldg. Assoc. v. Baker, 165 Ga. App. 521 (7) (301 SE2d 688) (1983).

5. Contrary to defendant's argument, the verdict does not reflect a double recovery for both breach of contract and tort damages. "Even in an action for breach of contract, where there were matters of record relating to fraud, punitive damages can be awarded, for '(f)raud, if found, is tortious conduct.' [Cits.]" Clark v. Aenchbacher, 143 Ga. App. 282, 284 (1) (238 SE2d 442) (1977). See also Division 7, infra.

6. Defendant was not denied the right to a thorough cross-examination of plaintiff Mr. Brown regarding the allegations in the complaint of breach of contract for a stated sum, since it was abundantly clear from plaintiff's direct testimony that plaintiffs were proceeding only on the theory alternatively pleaded in the complaint that the contract was for cost plus a contractor's fee.

7. Although defendant argues the trial court erred in not requir-

ing plaintiffs to elect to proceed either in tort or for breach of contract, a reading of the jury instructions shows no reversible error. The only instruction given relating to breach of contract stated that such damages were measured by the amount of profit the *contractor* lost as a result of the breach. Thus, it is clear that this instruction related only to defendant's counterclaim against plaintiffs for their alleged breach of contract, even though the court announced that it had directed a verdict in favor of plaintiffs on that claim. The only charges that related to plaintiffs' claim for damages were worded in terms of tort. As noted in Division 5, above, plaintiffs were not wrongly permitted to recover damages both in tort and contract.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JULY 1, 1991 —
RECONSIDERATION DENIED JULY 16, 1991 — 

*John L. Watson, Jr.*, for appellant.
*Brown & Romeo, Robert T. Romeo*, for appellees.