A92A0263. CARTER et al. v. MYERS et al.
(419 SE2d 747)

COOPER, Judge.

This appeal arises out of a dental malpractice action filed by ap-

pellants. Appellants appeal from the trial court's grant of partial summary judgment to defendants on the issue of punitive damages.

Appellants, husband and wife, filed a verified complaint against Dr. Walter Myers ("Dr. Myers") and Dr. Abe Shuster ("Dr. Shuster.") The complaint alleged in relevant part: Dr. Shuster performed dental surgery on Mrs. Henrietta Carter on March 25, 1987, and on March 30, 1987, Mrs. Carter telephoned Dr. Shuster's office because she was experiencing pain and swelling in the area of the surgery. Dr. Shuster's office referred Mrs. Carter to Dr. Myers. Mrs. Carter explained her symptoms to Dr. Myers, who then examined Mrs. Carter for approximately five minutes and prescribed Betadine mouthwash. The following day, Mrs. Carter's symptoms became worse, and she went to see Dr. Shuster who examined her mouth and found nothing wrong. On April 2, 1987, Mrs. Carter's condition worsened even more, and she again went to Dr. Shuster who again found nothing wrong but prescribed some medication for her. On April 4, 1987, Mrs. Carter sought emergency treatment, and on April 6, 1987 Mrs. Carter was hospitalized for emergency surgery due to an infection in her mouth and throat which had become life threatening. In addition to the special damages prayed for, appellants sought damages for pain and suffering, loss of consortium, punitive damages, costs of litigation, and attorney fees. Drs. Shuster and Myers, respectively, filed motions for partial summary judgment on the issue of punitive damages. Following a hearing, the trial court granted both motions, and appellants appeal that ruling. Subsequent to the docketing of this case in this court, the appeal was withdrawn as to Dr. Shuster but not as to Dr. Myers, appellee herein.

1. Appellants contend in their first enumeration of error that the trial court erred in not admitting the deposition of Mrs. Carter into evidence at the hearing on the motions for summary judgment. It is undisputed that the deposition of Mrs. Carter was not on file at the time of the hearing on appellee's motion for summary judgment. Since the deposition was not filed, it was not a matter of record for the trial judge's consideration in ruling on the motion for summary judgment. See *Knight v. Bryant-Durham Elec. Co.*, 169 Ga. App. 502, 503 (313 SE2d 758) (1984). Appellants' argument that the trial court should have allowed Mrs. Carter's deposition to be admitted because it allowed another unfiled deposition to be admitted is without merit. The record reflects that a written request was made to file the original deposition of Dr. C. Ray Bennett. At the hearing on the motion for summary judgment, the trial court was informed that the original deposition had not been filed due to a mistaken belief that the court reporter in the State of Tennessee, where the deposition was taken, would provide a sealed original. The trial judge exercised his discretion and allowed the deposition of Dr. Bennett to be included as part

of the record. We also note that appellants' counsel expressed no opposition to the consideration of Dr. Bennett's deposition and relied on matters in the deposition during his argument to the court. In contrast, appellants made no written request to file the deposition of Mrs. Carter, and appellee voiced an objection to the consideration of that deposition at the hearing. Accordingly, we find no error in the trial court's refusal to allow the deposition of Mrs. Carter to be considered as evidence.

2. Appellants next contend that the trial court erred in ruling that several pages of notes attached to appellants' verified complaint did not constitute an affidavit for consideration in opposition to appellee's motion for summary judgment. Attached to appellants' verified complaint was a document captioned *"Notes Regarding Complaint of Mrs. Henrietta Carter* — Prepared by Attorney Gordon L. Joyner in anticipation of and preparation for trial of Mrs. Carter's dental malpractice claims against Dr. Walter L. Myers and Dr. Abe Shuster. 3-13-89." Appellants' complaint, verified by Mrs. Carter, states that "the allegations and statements set forth in the foregoing Complaint and the 'Notes Regarding Complaint of Mrs. Henrietta Carter' . . . are factual, true, and correct." Appellants argue that the notes satisfied all legal requirements for an affidavit and should have been considered as such. " ' "In order to make an affidavit there must be present the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath." [Cit.]' [Cit.]" *D'Zesati v. Poole,* 174 Ga. App. 142, 143 (329 SE2d 280) (1985). It is clear from the face of the "Notes" that no oath had been administered to Mrs. Carter prior to her approving the notes as prepared by her attorney. "In the absence of [a] valid [jurat], the ["Notes"] cannot be deemed [an affidavit.] [Cits.]" *Hill-Everett v. Jones,* 197 Ga. App. 872 (1) (399 SE2d 739) (1990). Nor can we conclude that Mrs. Carter's subsequent execution of the verification to the complaint served to convert the "Notes" into an affidavit. Accordingly, we find no error with the trial court's refusal to consider the "Notes" as an affidavit.

3. Appellants' argument that the trial court applied the wrong punitive damages standard is without merit. In their respective briefs in support of their motions for summary judgment, both movants argued that punitive damages were not appropriate under the standard set forth in OCGA § 51-12-5.1; which requires clear and convincing evidence of willful misconduct or want of care. However, appellants' counsel correctly pointed out during the summary judgment hearing that appellants' cause of action arose prior to July 1, 1987; therefore, the correct standard for awarding punitive damages was that found in OCGA § 51-12-5, which allows punitive damages to be recovered where there is evidence of aggravating circumstances in either the act

or the intention. " 'It is well established that [the language in OCGA § 51-12-5] means such damages cannot be imposed in any case unless there is willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. The latter expression (conscious indifference to consequences) relates to an intentional disregard of the rights of another, knowingly or willfully. disregarding such rights.' (Citations and punctuation omitted.) [Cit.]" *Read v. Benedict*, 200 Ga. App. 4 (2) (406 SE2d 488) (1991). The trial court's order reflects that the correct standard was used in ruling on the motions for summary judgment.

4. In their final enumeration of error, appellants contend that the trial court erred granting appellee's partial motion for summary judgment. " 'Punitive damages cannot be imposed without a finding of some form of culpable conduct. Negligence, even gross negligence, is inadequate to support a punitive damage award. (Cit.)' [Cit.]" *Morales v. Webb*, 200 Ga. App. 788, 790 (409 SE2d 572) (1991). "There was no evidence of an 'intentional disregard of the rights' of [Mrs. Carter], nor was there any evidence that [appellee] 'knowingly or wilfully disregarded such rights' so as to authorize a finding of conscious indifference to the consequences. [Cit.]" *Morales*, supra at 791.

For the foregoing reasons, we find no error with the trial court's grant of partial summary judgment to appellee.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 8, 1992.

*Joyner & Joyner, Gordon L. Joyner,* for appellants.
*Webb, Carlock, Copeland, Semler & Stair, Douglas W. Smith, Paul R. Vancil, Long, Weinberg, Ansley & Wheeler, Joseph W. Watkins, Marvin A. Delvin,* for appellees.