A94A1526. NALLEY NORTHSIDE CHEVROLET, INC.
v. HERRING.
(450 SE2d 452)

JOHNSON, Judge.

Nalley Northside Chevrolet, Inc. appeals on numerous grounds from a jury verdict in favor of Betty Herring. Herring brought an action against Nalley alleging fraud, negligence, breach of contract and RICO violations in connection with repairs undertaken by Nalley on Herring's car after it was damaged in a collision. The RICO claim was eliminated prior to trial.

1. The first alleged error arises out of the trial court's denial of Nalley's motion to change venue from Gwinnett County to Cobb County. On appeal Nalley argues that no basis for venue existed in Gwinnett County because it did no business there and its registered office was in Cobb County. In support of its motion to transfer, Nalley presented an affidavit to the trial court in which it represented that the registered office was located in Cobb County. An evidentiary hearing followed this motion, but a transcript of this hearing is not a part of the record on appeal.

The record does include, however, the trial court's ruling on the motion to transfer which states it is "undisputed" that the registered office listed with the Secretary of State is in Gwinnett County. Nalley moved for reconsideration of this finding and argued that it never conceded that the registered office was located in Gwinnett County. The trial court's ruling on this motion specifically responds that the Secretary of State had listed the registered agent's address in Gwinnett County up until September 3, 1991, when Nalley changed it to Cobb County. Because a transcript would be necessary for a review of the claimed error and it is not before us, this court must assume that the trial court's decision was supported by the evidence. *Barber v. H & H Muller Enterprises,* 197 Ga. App. 126, 129 (1) (397 SE2d 563) (1990).

2. Nalley also asserts that the trial court should have granted its

motion for summary judgment or, in the alternative, to dismiss because Herring lacked standing to pursue the claims in issue. Nalley maintains that Herring's insurer became the real party in interest upon issuing a check to Herring for the damage done to her car in a collision with another vehicle.

Nalley correctly observes that an insurer is generally subrogated to the insured's right to collect damages from the party causing the damage or injury. Nalley does not assert, however, that Herring's insurer made any payments to her in compensation for damages resulting from Nalley's actions. Thus, Herring's insurer may have assumed certain subrogation rights in claims she may have had against the driver of the other vehicle, but they would not have included the claims against Nalley for its alleged misconduct. Nalley's motion was properly denied.

3. Nalley complains about the admission of certain evidence. First, it maintains that repair invoices generated by Nalley and its predecessor in interest were improperly admitted through an independent insurance appraiser named Robert West. These documents, none of which referred to Herring, attempted to establish a pattern of charging for parts which were not used in repairs, thereby defrauding insurance companies and/or consumers. The trial court rejected Nalley's relevance and hearsay objections. OCGA § 24-3-14, the Georgia Business Records Act, governs the admissibility of business records. Subsection (b) requires that a foundation be laid through the testimony of a witness "who is familiar with the *method* of keeping the records and who can testify thereto and to facts which show that the entry was made in the regular course of a business at the time of the event or within a reasonable time thereafter." *Hertz Corp. v. McCray*, 198 Ga. App. 484, 485 (2) (402 SE2d 298) (1991). The Georgia Business Records Act does not require that the person laying the foundation be the custodian of the records, but the witness must be familiar with the method of recordkeeping. Id. at 486. West offered no testimony establishing his familiarity with Nalley's method of keeping records, when the records were made or to facts showing that the entries were made in the regular course of business. He also testified that he had no personal knowledge about any of the transactions or parties reflected on the records about which he was testifying. Thus, a proper foundation was not laid, and the records should not have been admitted.

Nalley also argues the testimony of West and a prior Nalley employee named Lenny Brown concerning past fraudulent parts conversion was improperly admitted by the trial court because the testimony was irrelevant with respect to this case. The admission of evidence is a matter which rests largely within the sound discretion of the trial court, and the exercise of this discretion will not be dis-

turbed on appellate review unless manifestly abused. *Haynes v. State*, 180 Ga. App. 202, 203 (3) (349 SE2d 208) (1986). Three specific allegations of fraud are made in this case: 1) that Nalley misrepresented the length of time it would take to repair the car; 2) that certain repairs had been made to the car which had not been made; and 3) that the car had been completely repaired, when it had not. None of these allegations pertains to parts conversion or defrauding customers and/ or insurance companies with respect to charges for parts and labor. Therefore not only were the documents and testimony regarding them improperly admitted into evidence as business records, the testimony was not relevant to Herring's claims and the trial court erred in admitting it. The admission of the documents and the testimony concerning them constitutes harmful error and the judgment must be reversed.

4. Four of the remaining errors asserted involve jury instructions. Nalley complains that the trial court erred in refusing to charge the jury on the plaintiff's burden to prove damages with reasonable certainty; in refusing to charge the jury on the elements of misrepresentation sufficient to justify fraud, reasonable reliance by the plaintiff, and promises as to future acts; in instructing the jury that innocent misrepresentations could constitute fraud absent a confidential or special relationship, and that constructive fraud could serve as the basis for that claim; and in instructing the jury on civil conspiracy. Nalley's failure to object to the first two charges listed above constitutes a waiver of any objection on appeal as to those charges. *Peterson v. State*, 212 Ga. App. 31, 33 (2) (441 SE2d 267) (1994); *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156, 157 (2) (378 SE2d 510) (1989).

Nalley argues that an instruction on constructive fraud was improper in a suit seeking money damages because such a claim affords only equitable relief. We agree. Constructive fraud is an equitable doctrine and will not support an action for damages. *Irvin v. Lowe's of Gainesville*, 165 Ga. App. 828, 830 (4) (302 SE2d 734) (1983). This action, brought by Herring in state court, sought legal remedies only, and the trial court's instructions defining constructive as well as actual fraud were therefore improper. In that the jury returned a verdict against Nalley on the fraud claim, the erroneous instruction cannot be treated as harmless, and the judgment must be reversed on this ground.

In connection with this enumeration of error, Nalley argues that the trial judge erroneously instructed the jury about the circumstances under which nondisclosure may amount to fraud pursuant to OCGA § 23-2-53. In that the enumeration of error does not encompass this argument, it is not subject to review by this court.

Finally, Nalley argues that the jury should not have been in-

structed on civil conspiracy because no evidence of conspiracy was presented by Herring. Herring responds that she presented evidence of conspiracy through the testimony and actions of Nalley employee Lenny Brown. As Nalley correctly observed in its argument to the trial court, the proper instruction concerning Brown's actions on behalf of the corporation was a charge on the law governing a principal and its agent. An instruction on conspiracy was not supported by the evidence because a corporation cannot conspire with itself, and here no allegation was made that Brown acted outside the scope of his employment. See *Garrido v. Burger King Corp.*, 558 S2d 79, 81 (2) (Fla. App. 1990); *John C. Holland Enterprises v. J. P. Mascaro & Sons*, 653 FSupp. 1242, 1247 (4) (E.D. Va. 1987); *Salaymeh v. Interqual, Inc.*, 508 NE2d 1155, 1158 (1-4) (Ill. App. 1987).

The trial court's inappropriate instruction to the jury about the elements of conspiracy cannot be held to be harmless merely because the verdict form did not refer to a claim for conspiracy, and no damages were awarded specifically in connection with it. Even though Nalley cannot show any direct harm as a result of the instruction, we cannot say that the suggestion of conspiracy in the charge did not affect the jury's punitive damage award. We conclude that the instruction was harmful and also warrants reversal.

5. Finally we review Nalley's allegations of error with regard to the judgment entered on the jury's verdict in order to avoid similar error on the retrial of the case. Nalley maintains the trial court should not have entered judgment in favor of Herring on both her contract and tort claims because she was awarded cumulative and inconsistent remedies. The jury returned a verdict in Herring's favor awarding damages as follows: $5,400 on the breach of contract claim; $950 on the negligence claim; and $150 on the fraud claim. The jury also awarded substantial attorney fees and punitive damages. Although Nalley did not object to the form of the judgment below, it may nevertheless raise this issue for the first time on appeal since the award was arguably improper as a matter of law. *Long v. Marion*, 182 Ga. App. 361, 365 (5) (355 SE2d 711) (1987).

"It is axiomatic that a single act or course of conduct may constitute not only a breach of contract but an independent tort as well, if in addition to violating a contract obligation it also violates a duty owed to plaintiff independent of the contract to avoid harming him. Such duties may arise from statute, or flow from relations created by contract, express or implied." (Citations and punctuation omitted.) *Waldrip v. Voyles*, 201 Ga. App. 592, 593 (1) (411 SE2d 765) (1991). In this case, Herring contracted with Nalley to repair her car. The breach of the contract was the negligent performance of the duties arising by the contract. This straightforward transaction does not create any independent duty. Therefore, entry of judgment on the jury's

award of damages for breach of contract and the award for negligence constitutes an impermissible double recovery and was error. See *Sheppard v. Yara Engineering Corp.*, 248 Ga. 147, 148 (281 SE2d 586) (1981).

The jury's award of damages for fraud, however, may stand. "Even in an action for breach of contract, . . . punitive damages can be awarded, for fraud, if found, is tortious conduct." (Citations and punctuation omitted.) *Maddox v. Brown*, 200 Ga. App. 492, 494 (5) (408 SE2d 719) (1991).

*Judgment reversed. Beasley, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 10, 1994 — 

*Richelo, Morrissey & Gould, Brian J. Morrissey, Brock & Clay, Richard W. Calhoun,* for appellant.

*Glenville Haldi,* for appellee.