A94A2378. BANDY v. MILLS et al.
(454 SE2d 610)

BEASLEY, Chief Judge.

Bandy sued her former employer and its board chairman and chief operating officer, Mills, for fraud. She alleged that Mills, as agent for the employer, induced her to accept employment and move to Glynn County in June 1992, upon the representation that she would participate in the Executive Bonus Plan during her employment, beginning with not less than $20,000 for the remainder of 1992. She alleged that she received $20,000 for 1992 but received nothing for 1993 although she remained in employment until September. It was further alleged that bonuses were declared several days after her departure. She claimed that she was due $40,000 as her 1993 bonus, plus punitive damages and attorney fees. The alleged fraud was in offering the inducement with knowledge that it would not be honored.

Mills and the defendant employer, a corporation, denied liability and moved for summary judgment after discovery was conducted. Upon review of the entire record, the trial court granted summary judgment, explaining its reasoning in a crisp and appropriate order.

" 'On appeals from grants of summary judgment, it is this court's function to examine the record and determine whether the allegations of the pleadings have been pierced so that no genuine issue of material fact remains. (Cit.)' *Lewis v. Rickenbaker,* 174 Ga. App. 371, 372 (330 SE2d 140) (1985)." *Dixie Diners Atlanta v. Gwinnett Fed. Bank, FSB,* 211 Ga. App. 364, 366 (1) (439 SE2d 53) (1993). Our review is de novo. *Moore v. Food Assoc.,* 210 Ga. App. 780, 781 (437 SE2d 832) (1993).

Defendants may prevail on summary judgment under OCGA § 9-11-56 (e) "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991).

There are five elements of fraud, as pointed out by the trial court. *Wiederhold v. Smith*, 203 Ga. App. 877, 878 (1) (418 SE2d 141) (1992). It is unnecessary to consider any element beyond the first, as the representation upon which plaintiff Bandy relies was not false. It is contained in a letter to her from Mills dated June 5, 1992. The letter welcomes her to the company and confirms, among other employment items, that: "2. You will participate in our Executive Bonus Plan — and for the remainder of 1992 that amount will not be less than $20,000."

Appellant argues that this statement implied that she would participate in the plan until she was no longer an executive or there ceased to be a plan, but her contended understanding does not create a jury issue as to meaning. The only representation made concerning her right to a bonus was that she would receive $20,000 for 1992. She did not allege, nor was there any evidence, that the plan grants a vested right to a bonus or a pro rata bonus if employment is terminated before a bonus is declared.

Not only does a consideration of the face of the letter resolve the issue, it is confirmed by plaintiff's own deposition, the relevant parts of which are contained in the record without objection.[1] She testified that when she met with Mills, he said nothing about the bonus plan or about what the amount of any bonus for 1993 would be, other than that she would receive a bonus of at least $20,000 for 1992. Her stated position was that it was implied. She acknowledged that the sole basis for her claim was the statement in the letter, and that this letter constituted the employment agreement. She also conceded that no one lied to her about it at the time she was hired. No one told her how any future bonuses would be computed, and she assumed they would be calculated the same way as her 1992 bonus.

Based on the record which was before the trial court and is before this court, which record itself is not in dispute, summary judgment for defendants was demanded.

Appellees' motion for a penalty for frivolous appeal under Court of Appeals Rule 26 (b), now Rule 15 (b), is denied.

*Judgment affirmed. Andrews, Johnson and Blackburn, JJ., concur. Birdsong, P. J., Pope, P. J., Smith and Ruffin, JJ., concur specially. McMurray, P. J., dissents.*

SMITH, Judge, concurring specially.

I write separately only to point out that this decision emphasizes the value of the reconsideration process in this court. This case origi-

---

[1] Plaintiff herself also relied on the excerpt from her deposition, in her response to defendants' motion for summary judgment.

nally was decided by a three-judge division of this court, a division of which I was a member. It was originally decided as a reversal of the trial court, and that decision, like all panel decisions of this court, was necessarily unanimous. Appellees' motion for reconsideration, however, cogently pointed out why that decision was incorrect; now the whole court has reached a different, and I believe correct, conclusion in affirming the trial court.

Although a motion for reconsideration in this court is no longer a prerequisite to the filing of an application for certiorari in the Georgia Supreme Court, this case is an object lesson in why that reconsideration procedure remains viable and valuable.

I am authorized to state that Presiding Judge Birdsong, Presiding Judge Pope and Judge Ruffin join in this special concurrence.

McMurray, Presiding Judge, dissenting.

In my view the defendants, as movants on a motion for summary judgment, have failed to satisfy their burden of "pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). This occurs because the portions of plaintiff's deposition upon which defendants rely and which are referenced as contributing to the holding of the majority have not been properly filed in the superior court so as to become evidence for the superior court's consideration in ruling upon defendants' motion for summary judgment. "Since the deposition was not filed, it was not a matter of record for the trial judge's consideration in ruling on the motion for summary judgment. [Cit.]" *Carter v. Myers*, 204 Ga. App. 498, 499 (1) (419 SE2d 747).

In the case sub judice, uncertified excerpts from depositions were attached as exhibits to defendants' motion for summary judgment and to plaintiff's response. The majority has viewed these excerpts as evidence which was properly considered by the superior court. Indeed, this is consistent with the holding in *Jacobsen v. Muller*, 181 Ga. App. 382, 383 (3) (352 SE2d 604), although the majority has not cited *Jacobsen*. However, in my view the construction of OCGA § 9-11-29.1 (a) (5) in *Jacobsen* was incorrect and that case should be overruled.

The fatal flaw in the analysis stated in *Jacobsen* lies in its failure to consider two additional statutory provisions. First, OCGA § 9-11-29.1 (a) (5) must be viewed within its context as a subpart of OCGA § 9-11-29.1 (a), which begins with the statement that: "(a) Depositions and other discovery material otherwise required to be filed with the court under this chapter shall not be required to be so filed unless: . . ." Five subparts, including OCGA § 9-11-29.1 (a) (5), then follow which describe circumstances which will remove this tolling of

the filing requirements, for depositions or other discovery materials, "otherwise required" under OCGA Chapter 9-11. Thus, when the circumstances described in OCGA § 9-11-29.1 (a) (5) are determined to have occurred, the remainder of OCGA Chapter 9-11 must be examined to locate any applicable filing requirements. One provision applicable to depositions is OCGA § 9-11-30 (f) (1) (A), which requires that the court reporter certify and seal the deposition before filing it, albeit under the circumstances addressed in OCGA § 9-11-29.1 (b), the court reporter may entrust the sealed original deposition to the safekeeping of the party taking the deposition pending any filing. While it is true that as stated in *Jacobsen*, "OCGA § 9-11-29.1 (a) (5) does not make certification a prerequisite to the use of discovery material in support of a motion," (id. at 383 (3)), this analysis fails to recognize that such a requirement is imposed by OCGA § 9-11-30 (f) (1) (A). I would hold that the superior court erred in relying upon the uncertified excerpts from depositions filed with defendants' motion for summary judgment.

Also, the practice of filing excerpts from depositions must be questioned since OCGA § 9-11-30 (f) (1) (A), by requiring the sealing of the original deposition before filing, would seem to anticipate the filing of the entire deposition if at all. The references in OCGA § 9-11-29.1 (a) (5) to filing "portions" of discovery materials may not authorize division of discrete entities such as depositions.

Finally, while plaintiff made no objection in the trial court regarding consideration of the excerpts from her deposition which were attached to the defendants' motion for summary judgment and supporting memorandum, she was entitled to expect the superior court to correctly apply the law and recognize that the deposition excerpt was not certified or properly filed so as to be considered as evidence. Furthermore, a review of a grant of summary judgment is de novo and thus without regard to the view of the case taken by the superior court. *Dixie Diners Atlanta v. Gwinnett Fed. Bank, FSB*, 211 Ga. App. 364, 366 (1) (439 SE2d 53); *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832). This court should recognize that the uncertified deposition excerpts were not proper evidence. Therefore, I respectfully dissent.

DECIDED FEBRUARY 24, 1995.

*John T. McKnight,* for appellant.

*Fisher & Phillips, David E. Duclos, Walter J. Kruger III, Tillman Y. Coffey,* for appellees.